### Ex parte COWEN. *

Circuit Court of Appeals, Ninth Circuit.
June 24, 1938.

On Amended Petition July 14, 1938.

*Rehearing denied 98 F.2d 1019.

Earl S. Cowen, in pro per.

WILBUR, Senior Circuit Judge.

█ Petitioner asked for an allowance of appeal from an order denying his application for writ of habeas corpus. The petition does not set out nor disclose the petition for habeas corpus filed in the lower court. It contains an assignment of errors, eight in number. Apparently the petitioner claims that he is imprisoned in violation of Art. 1, Sec. 10, of the Federal Constitution, U.S.C.A.Const. art. 1, § 10, prohibiting ex post facto laws. He claims that by the amendment of Sec. 1168 of the California Penal Code, St. 1931, p. 1053, the punishment has been changed in violation of Art. 1, Sec. 10, of the Constitution, U.S.C.A.Const. art. 1, § 10. He does not disclose when the alleged offense was committed, although it may be inferred it was committed prior to 1929. The petition does not show the terms of the judgment, sentence or commitment, nor whether or not the prison authorities have refused him any rights which he would have had under the statute in force at the time the offense was committed. There is no showing that this question has been presented to the state court by the petitioner or that he has exhausted his remedy thereunder. Such a showing is essential where a petitioner who is held under a judgment of a state court seeks discharge by habeas corpus. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Phillips v. McCauley, 9 Cir., 92 F.2d 790; Hall v. People of State of California, 9 Cir., 79 F.2d 132. There is no probable cause for an appeal. 28 U.S.C.A. § 466.

Petition denied.

On Amended Petition.

█ Petitioner claims that by amendment of Sec. 1168 of the California Penal Code in 1931, St.1931, p. 1053, his punishment under conviction of certain crimes has been changed in violation of Art. 1, Sec. 10, of the Federal Constitution, U.S.C.A. Const. art. 1, § 10.

An appeal, and certificate of probable cause, was heretofore denied on the grounds, among others, that there was no showing that petitioner had exhausted his remedy in the state courts, and no showing that the prison authorities had refused him any rights which he would have had under the statute in force at the time the offense was committed.

In his amended petition he shows that he has applied to the state courts for writ of habeas corpus. He does not show, however, that he is denied any right under Sec. 1168, California Penal Code, in effect at the time these offenses were committed. Sec. 1168, Cal.P.C., in effect August 14, 1929, Stats.Cal., ch. 872, p. 1930, provided:

"*Imprisonment.* Every person convicted of a public offense, for which imprisonment in any reformatory or state prison is now prescribed by law shall * * * be sentenced to be imprisoned in a state prison, but the court in imposing the sentence shall not fix the term or duration of the period of imprisonment.

"* * * The state board of prison directors shall determine after the expiration of the minimum term of imprisonment provided by law, except that in cases in which the minimum term of imprisonment is more than one year, the state board of prison directors may determine after the expiration of one year from and after the actual commencement of such imprisonment, what length of time, if any, such person shall be imprisoned. * * *

"The term of imprisonment so fixed by the state board of prison directors, shall not thereafter be increased or diminished by said board for any reason whatsoever except as in this section provided."

It appears from petitioner's amended petition, and exhibits attached thereto, that petitioner was convicted of the crimes of attempted robbery committed December 21, 1929, and of rape and robbery committed on or about November 27, 1929, and that by judgments of the Superior Court of the State of California ordered "punished by imprisonment in the State Prison of the State of California at Folsom for the term prescribed by law". It also appears that on December 28, 1933, the petitioner's length of time of confinement "was set at 20 years and 20 years concurrently, and 5 years consecutively * * *", by the Board of Prison Terms and Paroles.

It does not appear from the amended petition for appeal, or exhibits attached thereto, that after the term of petitioner's

imprisonment was fixed by the prison authorities, it was thereafter "increased or diminished" by the said prison authorities, and, consequently, it does not appear that any right given petitioner under the provisions of Sec. 1168, Cal.P.C., supra, as enacted in 1929, was denied him.

Petitioner does not show that the provisions of Sec. 1168, P.C., as amended in 1931, St.1931, p. 1053, which give the prison authorities power to revoke any order theretofore made, has been applied to him. He has not made a showing that he has been adversely affected by the application of Sec. 1168, P.C., as amended in 1931. Consequently, he does not show that he is held in violation of the Constitution of the United States and is in no position to raise the question of the constitutionality of the 1931 amendment to Sec. 1168, supra. White v. Johnson, 282 U.S. 367, 51 S.Ct. 115, 75 L.Ed. 388; Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550.

Petition for appeal and for certificate of probable cause is denied.