## SCHENK v. PLUMMER, Warden.
### No. 9481.

Circuit Court of Appeals, Ninth Circuit.
April 19, 1940.

Robert Schenk, in pro. per.

Earl Warren, Atty. Gen., of California, and J. Q. Brown, Deputy Atty. Gen. of California, for appellees.

Before WILBUR, DENMAN, and MATTHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Petitioner, claiming he is before this court because he has been allowed by the trial court to proceed on appeal in forma pauperis, moves this court for an order appointing counsel to represent him on appeal. He is held under process of state court. The question raised involves an interpretation of the applicable state law.

No certificate of probable cause for the appeal has been obtained as required by 28 U.S.C.A. § 466. Such a certificate was essential to the jurisdiction of this court on appeal before the new rules were adopted. Rules of Civil Procedure in the District Court, effective September 16, 1938, 28 U.S.C.A. following section 723c.

Genna v. Frazier, 5 Cir., 24 F.2d 706; United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262; Wilson v. Lanagan, 79 F.2d 702, decided by the Circuit Court of Appeals for the First Circuit; Ex parte Cowen, 9 Cir., 98 F.2d 530; Ex parte Deatherage, 9 Cir., 98 F.2d 793; Ex parte Cowen, on rehearing, 9 Cir., 98 F.2d 1019, by the Senior Circuit Judge of this circuit.

If we assume that the certificate of probable cause required by 28 U.S.C.A. § 466 is no longer required, it is still true that there is no merit in the appeal herein because petitioner's remedy lies in an appeal to the Supreme Court from the decisions of the state court (see cases cited supra). Under these circumstances, even if we had authority to appoint an attorney on an appeal of this nature, the application should be denied. 28 U.S.C.A. § 835.