J. John GORDON, Plaintiff,

v.

**SECRETARY OF STATE OF WISCONSIN et al., Defendants.**

No. 78–C–708.

United States District Court,
E. D. Wisconsin.

Dec. 14, 1978.

J. John Gordon, pro se.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff has filed a notice of appeal of my decision and order of November 14, 1978, granting the plaintiff leave to proceed in forma pauperis and dismissing his action. In that decision, I construed the plaintiff's action as both a petition for a writ of habeas corpus as well as a suit for damages.

Pursuant to 28 U.S.C. § 2253 and Rule 22(b), Federal Rules of Appellate Procedure, in order for the plaintiff, a state prisoner, to proceed with an appeal of my order dismissing his habeas petition, this court must issue a certificate of probable cause. The standard for granting a certificate of probable cause is not stated in either the United States Code or the Federal Rules of Appellate Procedure. However, at least one court of appeal has held that the standard for issuing a certificate of probable cause is whether the petition raises a "substantial question." *Gardner v. Pogue,* 558 F.2d 548, 551 (9th Cir. 1977). This standard is stricter than one requiring that a petition not be plainly frivolous. Id. In my decision of November 14, 1978, I stated that "I am persuaded on the face of the plaintiff's complaint that his allegations are frivolous . . ." The plaintiff has not added anything in his notice of appeal to alter that opinion. Since, in my judgment, the plaintiff's petition does not raise a substantial question, a certificate of probable cause will be denied.

Furthermore, I do not believe that the plaintiff is entitled to proceed in forma pauperis in his appeal on his claim for damages. Under 28 U.S.C. § 1915(a) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Ellis v. United States,* 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). Since I have found the plaintiff's allegations to be frivolous, an appeal of the plaintiff's claims for damages may not be taken in forma pauperis.

Therefore, IT IS ORDERED that a certificate of probable cause in this matter be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff may not proceed in forma pauperis in his appeal of this action.