Timothy HERRERA, Petitioner,

v.

Honorable H. Vearle PAYNE, United States District Judge, Respondent.

Jessie J. TRUJILLO, Petitioner,

v.

Honorable H. Vearle PAYNE, United States District Judge, Respondent.

Nos. 82–1113, 82–1114.

United States Court of Appeals, Tenth Circuit.

March 12, 1982.

Reber Boult, Asst. Federal Public Defender, Albuquerque, N. M., for petitioners.

Jeff Bingaman, Atty. Gen., and Eddie M. Gallegos, Asst. Atty. Gen., State of N. M., Santa Fe, N. M., for respondent.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

---

PER CURIAM.

The question presented in these petitions for writs of mandamus is whether a statement of reasons is required by Fed.R.App.P. 22(b) when a district court denies a certificate of probable cause. *See* 28 U.S.C. §§ 2253, 2254.

Following the dismissal of Mr. Herrera's and Mr. Trujillo's petitions for habeas corpus relief, District Court Case Nos. 80–977 P and 81–438 P, the district court in each case denied the required certificate by an order which reads as follows:

> Petitioner having filed Notice of Appeal from the Order dismissing the petition for writ of habeas corpus, and the Court finding no substantial issue of law for review as set forth in the memorandum opinion filed herein,
>
> IT IS ORDERED that no certificate of probable cause for appeal be issued.

Petitioners contend there is a difference between denying a habeas corpus petition on the merits and, in effect, determining a state prisoner has no probable cause to appeal that determination. They further claim that absent a statement of reasons, the court of appeals cannot adequately review the propriety of the denial of the certificate.

Respondent argues that Fed.R.App.P. 22(b) does not require more than the referenced order, *i.e.*, that when the trial court adopts the magistrate's findings and recommendations as a whole, the reasons for denying the certificate of probable cause may be found in the magistrate's report. In the alternative, respondent states that because the appellate court may grant the necessary certificate, petitioners are not prejudiced. We disagree.

Rule 22(b) begins with the statement that a state habeas corpus appeal may not proceed unless the certificate of probable cause issues. *See also* 28 U.S.C. § 2253. The second sentence requires that if an appeal is taken, "the district judge who rendered the judgment *shall either issue* a certificate of probable cause *or state the reasons* why such certificate should not issue." (Emphasis added.) The Advisory Committee Notes explain that

In the interest of insuring that the matter of the certificate will not be overlooked and that, if the certificate is denied, the reasons for denial in the first instance will be available on any subsequent application, the ... rule requires the district judge to issue the certificate or to state the reasons for its denial.

No reasons are required for the issuance of the certificate of probable cause, only for the denial thereof. The decision is left to the sound discretion of the district judge. *Dillingham v. Wainwright*, 422 F.Supp. 259 (S.D.Fla.1976), aff'd, 555 F.2d 1389 (5th Cir. 1977). Courts have variously articulated the standards for issuance of a certificate of probable cause to appeal. *See generally Alexander v. Harris*, 595 F.2d 87 (2d Cir. 1979), and cases cited therein. However, the proper exercise of that discretion cannot be adequately reviewed where no reasons for the determination have been given.

Clearly the rule imposes a responsibility on the district judge to issue a certificate or a statement detailing his reasons for declining to confer one. *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977). A similar provision is found in Fed.R.App.P. 24(a), which requires a written statement of reasons for certifying an appeal is not taken in good faith. *See Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612 (4th Cir. 1969). What is not clear is the effect of the failure of the district judge to follow the mandate of the rules, probably because rules seldom contemplate what will happen if they are disregarded. *See Mays v. Pioneer Lumber Corp.*, 502 F.2d 106, 110 (4th Cir. 1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1125, 43 L.Ed.2d 398 (1975).

We hold that a statement of reasons must be provided when a certificate of probable cause is denied. Accordingly, the petitions for writs of mandamus are granted.

It is further ordered that the trial court shall furnish the statement of reasons contemplated by Fed.R.App.P. 22(b) in these and in all future denials of certificates of probable cause.

PETITIONS GRANTED.