**James WILKS, Petitioner,**

v.

**Warren YOUNG, Respondent.**

**No. 84–C–263.**

United States District Court,
E.D. Wisconsin.

April 23, 1984.

James E. Wilks, pro se.

Chris Heikenen, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION AND ORDER

WARREN, District Judge.

### BACKGROUND

On February 27, 1984, petitioner, presently incarcerated at the Waupun Correctional Institution at Waupun, Wisconsin, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In support of his position that his custody is in violation of the Constitution or laws of the United States, petitioner argues as follows:

> I pleaded guilty to conduct regardless of life during plea bargain offered by D.A.'s office, but even after stating "yes" to all questions asked and was willing to plead guilty trial Judge refused to accept my plea simply because I didn't know or could not state that I attempted to kill the victum [sic].

Petition at 5 (February 27, 1984). The petitioner states that subsequent to his abortive plea, he was tried and convicted of attempted murder in Milwaukee County Circuit Court and sentenced to a 28-year term of imprisonment. His petition also indicates that he has exhausted the state remedies available to him by appealing the denial of his post-conviction motion to the Wisconsin Supreme Court.[1]

---

**1.** In addition, the petitioner reports that a previous petition for habeas corpus, also based on his state court conviction for attempted murder, was denied in 1979, *Wilks v. Israel*, 478 F.Supp. 404 (E.D.Wis.1979), and that the Court of Appeals subsequently affirmed the judgment of the district court.

Accompanying his request for relief under 28 U.S.C. § 2254 was petitioner's application to proceed in forma pauperis. In its *Order* of March 2, 1984, this Court concluded, on the basis of his affidavit of indigency, that petitioner was unable to prepay the fees and costs of commencing this action or to give security therefor. Accordingly, the Court granted his in forma pauperis request pursuant to 28 U.S.C. § 1915(d).

At the same time, the Court observed that the refusal of a trial court judge to accept a defendant's guilty plea does not rise to the level of a Constitutional violation of that defendant's rights. On this basis, the Court concluded that the petitioner had not alleged facts sufficient to support his claim that his custody is in violation of the Constitution or laws of the United States and, accordingly, dismissed his petition.

On April 3, 1984, petitioner filed his notice of appeal of this Court's dismissal order, stating as a basis therefor that

[w]hen a defendant agrees to plead guilty during pretrial negotiations and waves [sic] his right to a trial by jury and representation by counsel and the judge refuses the guilty plea during the post-plea stage, then all constitutional guarantees should apply to these proceedings and the plea not rejected simply because a defendant is unable or unwilling to admitt [sic] his guilt in factual terms.

Notice of Appeal (April 3, 1984). The matter is now before this Court on the question of whether a certificate of probable cause should issue, pursuant to 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure. For the reasons stated herein, the Court concludes that petitioner's claim is not sufficiently meritorious to justify issuance of such a certificate.

### Section 2253, Rule 22(b), And Petitioner's Claim of Denial of Due Process

Pursuant to 28 U.S.C. § 2253, an appeal "may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice of judge who rendered the order of a circuit justice or judge issues a certificate of probable cause." Similarly, Rule 22(b) of the Federal Rules of Appellate Procedure provides, in part, as follows:

In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate shall not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court....

█ It is well established that a motion for a certificate of probable cause under section 2253 and Rule 22(b) is addressed to the sound discretion of the district court judge. *Dillingham v. Wainwright*, 422 F.Supp. 259, 261 (S.D.Fla.1976); *Stewart v. Beto*, 454 F.2d 268, 269–270 (5th Cir.1971), *cert. denied*, 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972). In exercising this discretion, the Court is obliged to consider the merits of the application. *Strode v. Mississippi*, 456 F.2d 1295, 1296 (5th Cir.1972); *Ex parte Cowen*, 98 F.2d 530, 531–532 (9th Cir.), *rehearing denied*, 98 F.2d 1019 (9th Cir.1938).

█ As these cases suggest, the issuance of a certificate of probable cause is not a matter of right and may be denied where it appears on the face of the petition that the appeal is without substantial merit. *Vera v. Beto*, 332 F.Supp. 1197, 1199 (S.D.Tex.1971); *In re Mooney*, 72 F.2d 503, 505 (9th Cir.1934). If the certificate is not issued, the Court must state its reasons for the denial. *Herrera v. Payne*, 673 F.2d 307, 308 (10th Cir.1982); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir.1977), *appeal after remand*, 568 F.2d 648 (9th Cir. 1978).

■ Although neither section 2253 nor Rule 22(b) provides a test to be used by the district court in deciding whether to grant or deny a motion for a certificate of probable cause, both the statute and the rule envision a process through which frivolous appeals are screened out. *See Dillingham v. Wainwright,* 422 F.Supp. 259, 261 (S.D. Fla.1976) (classifying as frivolous only those appeals in which "the applicant can make no rational argument on the law or facts in support of his claim for relief"); *Burgess v. Maryland,* 284 F.2d 486, 488 (4th Cir.1960) (denying certificate where record and application disclose that petition is entirely devoid of merit). In the Seventh Circuit, the applicable standard has long been whether the petition presents "some substantial question worthy of consideration." *United States ex rel. Stewart v. Ragen,* 231 F.2d 312, 313 (7th Cir.1956); *Morris v. Igoe,* 209 F.2d 108, 109 (7th Cir. 1953). Under this touchstone, it is clear that petitioner is not entitled to the certificate he seeks.

■ As noted above, petitioner maintains that his due process rights were violated when the state court judge presiding over the criminal action against him refused to accept his guilty plea absent a factual basis to support it. Petitioner apparently maintains that he has a constitutional right to have his plea accepted by the court as long as his decision to plead guilty and to waive his right to trial by jury is made freely and voluntarily.

The short answer to petitioner's argument comes directly from the Supreme Court's 1970 decision in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In that case, the Court ruled that a criminal defendant may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence, even though he is unwilling to admit participation in the crime or if his guilty plea contains a protestation of innocence—assuming that the defendant intelligently concludes that his interests require a guilty plea and that the record strongly evidences guilt. At the same time, the Court observed that its holding

> does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, *see Lynch v. Overholser,* 369 U.S., [705] at 719 [82 S.Ct. 1063, 1072, 8 L.Ed.2d 211] (by implication), although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. Cf. Fed.Rule Crim.Proc. 11, which gives a trial judge discretion to "refuse to accept a plea of guilty...." We need not now delineate the scope of that discretion.

*North Carolina v. Alford,* 400 U.S. 25, 38 n. 11, 91 S.Ct. 160, 168 n. 11, 27 L.Ed.2d 162 (1970).

Significantly, Wisconsin has conferred on criminal defendants in its courts no constitutional right to have their guilty pleas accepted. Section 971.06 of the Wisconsin Statutes merely establishes those pleas from which a criminal defendant may select—namely, guilty, not guilty, no contest, and not guilty by reason of mental disease or defect—and permits the court to enter a plea of not guilty on behalf of a defendant who stands mute or refuses to plead. Section 971.08 describes, among other things, the prerequisites for acceptance of guilty pleas and seems to envision that trial judges will occasionally exercise their discretion to refuse such pleas; it reads as follows:

> (1) Before the court accepts a plea of guilty or no contest, it shall:
>
> (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; and
>
> (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

(2) The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction.

(3) *Any plea of guilty which is not accepted by the court* or which is subsequently permitted to be withdrawn shall not be used against the defendant in a subsequent action.

Wis.Stat. § 971.08 (emphasis added). No other state statute explicitly prescribes the constitutional rights of criminal defendants who have entered into plea agreements with the Government.

Nor have the state courts recognized any inviolable right on the defendant's part to have his plea accepted; indeed, recent decisions of the Wisconsin Supreme Court imply that a guilty plea can only be accepted when the trial court judge is satisfied that there exists a sufficient factual basis for the plea. *See State v. Pohlhammer*, 260 N.W.2d 678, 680, 82 Wis.2d 1, 4 (1978) (inquiry on plea of guilty requires a determination of whether facts, if proved, constitute offense and whether defendant's conduct amounts to a defense); *Spinella v. State*, 271 N.W.2d 91, 93, 94–95, 85 Wis.2d 494, 497, 499–500 (1978), *overruled on other grounds, State v. Bartelt*, 334 N.W.2d 91, 112 Wis.2d 467 (1983) (before accepting guilty plea, trial court must establish of record that the conduct which defendant admits constitutes the offense charged). Indeed, the thrust of the case law is that all discretion to accept or reject the plea remains with the Court and that no right to a plea—constitutional or otherwise—vests in the defendant himself. *See Little v. State*, 271 N.W.2d 105, 107–108, 85 Wis.2d 558, 560–561 (1978) (in order for court to accept guilty plea, it must be satisfied that facts, if proved, constitute offense charged); *Salters v. State*, 191 N.W.2d 19, 22, 52 Wis.2d 708, 715 (1971) (guilty plea should be accepted or rejected after court

ascertains voluntariness of plea and the factual basis upon which it is offered).

Since Wisconsin has thus declined to recognize precisely the right upon which the present petition is based, the Court feels confident in concluding, in the language of *North Carolina v. Alford*, 400 U.S. 25, 38 n. 11, 91 S.Ct. 160, 168 n. 11, 27 L.Ed.2d 162 (1970), that the trial judge presiding over the petitioner's criminal case had no constitutional obligation to accept the guilty plea "merely because [the] defendant wishe[d] to so plead." Thus absent a substantial legal question worthy of consideration, the petitioner's request for a certificate of probable cause is hereby DENIED.[2]

---

**2.** Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, the petitioner may, of course, request that the certificate be issued by a circuit court judge. The pertinent portion of the rule reads as follows:

If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate.