James Arthur BROWN, Jr.

v.

Edward L. BOOKER, Warden, et al.

Civ. A. 85–0449–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 27, 1985.

James Arthur Brown, Jr., pro se.

Frank S. Ferguson, Asst. Atty. Gen., Richmond, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

On 19 September 1985, this Court denied petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. On 30 September petitioner filed a timely notice of appeal from that decision as well as a motion for leave to proceed on appeal *in forma pauperis*. As a result, the Court is presented with the question of whether petitioner should be allowed to proceed on appeal *in forma pauperis*. For reasons set out below, the Court believes it is also presented with the question of whether this Court should issue the certificate of probable cause required by 28 U.S.C. § 2253.

### *Appeal In Forma Pauperis*

Because this Court previously granted petitioner leave to proceed in his habeas action *in forma pauperis*, he "... may proceed on appeal *in forma pauperis* without further authorization unless ... the district court shall certify that the appeal is not taken in good faith." Federal Rule of Appellate Procedure 24(a). *See also* 28 U.S.C. § 1915(a), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." As Rule 24(a) indicates, absent this Court's finding that petitioner's appeal is not taken in "good faith", he is automatically entitled to proceed on appeal *in forma pauperis*. Therefore, for petitioner to so proceed, it is not necessary for this Court to "grant" his motion; his *in forma pauperis* status will continue if this Court simply determines not to retract it.

Determining what constitutes the "good faith" required by Federal Rule of Appellate Procedure 24(a) and 28 U.S.C.

§ 1915(a) need not involve a subjective inquiry into the appellant's intent. His "good faith" may be demonstrated by the presentation for "appellate review of any issue not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). In *Liles v. South Carolina Dept. of Corrections,* 414 F.2d 612 (4th Cir.1969), the Fourth Circuit Court of Appeals, interpreting this standard, cautioned that a lack of "good faith" is not shown by the mere fact "that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant." *Id.* at 614, fn. 1. Applying the above standard, the Court does not believe that petitioner's appeal is so frivolous as to warrant a finding that it is not in "good faith." Because, I am unable to certify that the appeal is not taken in good faith, petitioner may proceed on appeal *in forma pauperis.*

### Certificate of Probable Cause

Petitioner's notice of appeal invokes the requirements of 28 U.S.C. § 2253[1] which provides that an appeal from the denial of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 may only be taken if "the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause".

Section 2253 is silent as to the procedure that should be followed when the district judge decides that it is not appropriate to issue a certificate of probable cause. It has been the practice of this Court to issue an order respecting the requirements of § 2253 only in those cases where the appealing petitioner specifically sought the certificate and the Court felt it justified. When, as is the usual practice, petitioners ignore the provisions of § 2253 before the

district court, I have done nothing. In part, this practice has developed because, as § 2253 makes clear, responsibility for granting or withholding the certificate does not rest upon the district judge alone; the statute provides that the certificate may also be granted by a judge of the Court of Appeals or a justice of the Supreme Court. Because § 2253 seems to allow for the above individuals engaging in an independent and *de novo* inquiry into whether to grant or withhold the certificate, rather than appellate review of this Court's decision, there seemed little point in issuing any statement as to this Court's reasons for withholding the certificate. Also, I thought my opinion in the case would sufficiently reveal my view as to the merits of an appeal. However, a number of circuit court opinions[2] and the Supreme Court's recent decision in *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), have directed this Court's attention to the requirements of Fed.R.App.P. 22(b) and have led me to conclude that my previous practice has been in error.

Section 2253 establishes that a certificate of probable cause must be obtained before an appeal may be taken; Fed.R.App.P. 22 reiterates this requirement and delineates the procedure to be followed by the various judges potentially involved in making the determination mandated by § 2253. Fed.R. App.P. 22(b) provides:

In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons

---

1. 28 U.S.C. § 2253 provides in pertinent part: An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit judge or justice issues a certificate of probable cause.

2. *Herrera v. Payne,* 673 F.2d 307 (10th Cir.1982); *Gardner v. Pogue,* 558 F.2d 548 (9th Cir.1977); *Stewart v. Beto,* 454 F.2d 268 (5th Cir.1971), *cert. denied,* 406 U.S. 925, 92 S.Ct. 1796, 32 L.Ed.2d 126 (1972).

why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request the issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals. If an appeal is taken by a state or its representative, a certificate of probable cause is not required.

The sequence contemplated by the Rule is as follows: even without a formal motion or request for the certificate, a petitioner's notice of appeal from the denial of his petition under § 2254 must be brought to the attention of the district judge. The filing of the notice of appeal itself requires the district judge to make a determination of whether to issue a certificate of probable cause. If he grants the certificate, the court of appeals is bound by his decision and must consider the appeal on its merits. *See Nowakowski v. Maroney,* 386 U.S. 542, 543, 87 S.Ct. 1197, 1198–99, 18 L.Ed.2d 282 (1967). If, on the other hand, the district judge determines not to issue the certificate, he must state his reasons for declining to do so. The record is then forwarded to the Court of Appeals. At this point, the petitioner may formally petition a circuit judge to grant the certificate. If, by mistake, he addresses his request to the Court of Appeals, which as an entity is not empowered by § 2253 to grant the certificate, the request shall be construed to be addressed to an individual judge of that Court. The penultimate sentence of this section, taken in context, establishes that even if no formal request is made, the notice of appeal itself will automatically act, as it did earlier in regard to the district judge, as a request for the certificate, addressed, this time, "to the judges of the Court of Appeals." If the designated judge of the Court of Appeals refuses to issue a certificate of probable cause, the appeal is ended.

The procedural structure established by Rule 22 clarifies the requirements of § 2253 in a number of important respects. Whereas § 2253 seems to permit the district judge and the judges of the court of appeals to simultaneously and independently make the determination of whether to issue or withhold the certificate, Rule 22(b) establishes an obligatory sequence of interlocking procedural steps that begins with the district judge's initial determination of whether the certificate should issue. Among other things, the Rule ensures that: (1) an appellant need take no action beyond filing a notice of appeal to obtain a ruling on the certificate; (2) a judge of the court of appeals must await the initial ruling by the district judge before making his own decision as to whether to grant or withhold the certificate; and, (3) the appellee is uninvolved at this stage.

Within this procedural framework, the Advisory Committee Notes following the Rule suggest two primary purposes served by the requirement that the district judge "state [his] reasons" when he decides not to issue the certificate. The first is to ensure that "the matter of the certificate will not be overlooked" by the district judge. Since the district judge's decision to issue the certificate binds the court of appeals to a consideration of the merits of the appeal, it is important that an appellant's "first level right to a ruling by the district judge" not be forgotten or foreclosed by an interim denial by a judge of the court of appeals. *Stewart v. Beto,* 454 F.2d 268, 269 (5th Cir.1971).

■ This purpose would, of course, be served adequately by merely requiring the district judge to issue an order memorializing his decision not to grant the certificate. The Rule goes significantly beyond this when it demands that the District Judge "state the reasons" for his denial of the

certificate. The Advisory Committee Notes suggest that a function of this requirement is to ensure that the judge or judges of the court of appeals will have before them "in any subsequent application," a short summary of the reasons for denial to aid in their determination of whether to issue the certificate. Besides ensuring that the district judge will be forced to articulate, and thus arrive at, a principled basis for denial, this procedure promotes judicial economy in that the judges of the court of appeals should be able to rely primarily on the summary provided by the district judge rather than having to read through the district judge's opinion on the merits in support of his denial of the habeas petition. In other words, the procedure provides a way to shorten an inquiry that might otherwise approximate appellate review, a feature in accord with the function of the certificate of probable cause as "the primary means of separating meritorious from frivolous appeals". *Barefoot,* 463 U.S. at 893, 103 S.Ct. at 3394, 77 L.Ed.2d at 1104. It is also apparent that the grounds for denying the petition on the merits and for refusing to issue a certificate of probable cause often differ.

I conclude, then, that a certificate must either issue or be refused in every § 2254 appeal, with the reasons stated if refused.

Faced with the necessity of either granting or withholding a certificate of probable cause, the Court must now address the question of what the "probable cause" standard means in this setting. Until recently, there was some conflict as to exactly what constituted the "probable cause" necessary to justify the issuance of a certificate.[3] Those conflicts, however, have been resolved by the Supreme Court's recent statement in *Barefoot* that "a certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right' ". *Id.*

Making the "substantial showing" necessary for the issuance of a certificate of probable cause is more difficult than demonstrating the "good faith" required under 28 U.S.C. § 1915(a). *See Gardner,* 558 F.2d at 551; *see also, Blackmun,* "Allowance of In Forma Pauperis Appeals in § 2255 and Habeas Corpus Cases", 43 F.R.D. 343, 352 (8th Cir.1967) ("probable cause requires something more than the absence of frivolity and ... the standard is a higher one than the 'good faith' requirement of § 1915"). Thus, this Court's determination, *supra,* that petitioner's appeal is taken in "good faith" does not answer the question of whether his appeal from the denial of his habeas petition meets the "substantial showing" standard justifying the issuance of a certificate of probable cause.

In *Barefoot,* the Supreme Court held that when a "substantial showing" had been made, "... the petitioner need not show that he should prevail on the merits ... rather he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]." *Barefoot,* 463 U.S. at 893, fn. 4, 103 S.Ct. at 3394, fn. 4, 77 L.Ed.2d at 1104, fn. 4, quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga. 1980).

In the present case, for reasons that will be set forth below, the Court does not believe that the issues which may be raised by petitioner's appeal are "debatable among jurists of reason." This raises a final procedural question: in what form and to what extent should the district judge state the reasons for his denial of the certificate of probable cause? Clearly, more than a *pro forma* reference to the "reasons set forth in the accompanying memorandum opinion" is called for. In *Herrera v. Payne,* 673 F.2d 307 (10th Cir. 1982), the Court of Appeals found the fol-

---

**3.** *Poe v. Gladden,* 287 F.2d 249 (9th Cir.1961) ("not plainly frivolous"); *Harris v. Ellis,* 204 F.2d 685 (1953) ("substantial showing of the denial of a federal right"); *Wilks v. Young,* 586 F.Supp. 413 (E.D.Wisc.1984) ("substantial ques-

tion worthy of consideration"); *Dillingham v. Wainwright,* 422 F.Supp. 259 (S.D.Florida 1976) (certificate denied only where applicant can "make no rational argument" in support).

lowing statement of reasons by the district court inadequate to satisfy Rule 22(b), "... the Court finding no substantial issue of law as set forth in the memorandum opinion filed herein, it is ORDERED that no certificate of probable cause." *Id.* at 308. Stating that "the proper exercise of [the discretion to issue a certificate] cannot be adequately reviewed where no reasons for the determination had been given," the Court of Appeals held that a district judge must issue a "statement detailing his reasons for declining to issue" a certificate. *Id.*

In this Court's opinion, the Tenth Circuit was correct in requiring that the district judge explain his decision to withhold the certificate by more than a mere reference to his opinion. Such an abbreviated expression of the reasons for denial would be of no use to the judges of the court of appeals in exercising their own judgment as to whether or not to grant a certificate of probable cause. The opinion deals with the merits; the certificate only with the propriety of an appeal. If the drafters of the Rule had not intended that the court of appeals be guided by the district judge's reasons for the denial of the certificate, they would surely not have required that a district judge who denies a certificate go through the additional step of stating his reasons for doing so. In the instant case, therefore, the Court feels compelled to present the following brief statement of the reasons why it feels petitioner has not made, and cannot make, a "substantial showing of the denial of a federal right".

### Statement of Reasons

Petitioner was convicted of grand larceny of an automobile. He was found in possession of the automobile shortly after its theft, though at trial he denied having stolen it. His denial was contradicted by an eyewitness, a parking lot attendant, who testified that petitioner had fraudulently removed the automobile from the parking lot in which the attendant worked. Petitioner's overall challenge to the sufficiency of the evidence contained two specific arguments. His first claim was that the discrepancies between the parking lot attendant's testimony at a preliminary hearing and his testimony at trial meant that he was an unreliable witness whose testimony should not have been believed. This Court rejected that contention finding it "well settled that 'where there are conflicts in the testimony, it is [for] the jury and not the ... [reviewing] court to weigh the evidence and judge the credibility of the witnesses'", quoting *United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir.1982).

Petitioner's second claim was that the value of the stolen property, a 1977 Oldsmobile Cutlass, was not shown to be above the statutory limit of $200.00 as required by Va.Code § 18.2–95. In rejecting this challenge, this Court pointed out that besides the testimony of the owner to the effect that the car was worth $4,000.00, the jurors could have concluded from their own experience that it had a value in excess of the statutory limit. Employing the standard set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), this Court concluded that a "rational trier of fact" could easily have made such a finding. Petitioner's overall challenge to the sufficiency of the evidence was rejected under the same standard because there was "ample evidence" from which a rational trier of fact could have found petitioner guilty beyond a reasonable doubt.

As the above summary indicates, petitioner's petition presented no complex legal issues but was devoted primarily to contesting the jury's interpretation of the evidence. An appeal can resolve nought. The jury is the trier of fact and its resolution here was well within bounds. Because there was ample evidence in the record from which the jury could have arrived at the conclusions it did, the Court concludes that petitioner cannot make the "substantial showing of the denial of a federal right" necessary to warrant the issuance of a certificate of probable cause to appeal. Accordingly, this Court declines to issue the certificate.

And it is so ORDERED.