Kevin D. JOHNSON,
Petitioner–Appellant,

v.

Richard B. GRAMLEY, et al.,
Respondents–Appellees.

No. 89–3795.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 27, 1991.

Decided April 8, 1991.

Kevin D. Johnson, Dixon, Ill., pro se.

Richard S. London, Asst. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before POSNER, FLAUM and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Kevin Johnson, a state prisoner, filed a petition for habeas corpus, 28 U.S.C. § 2254, which the district judge dismissed under Rule 4 of the Rules Governing Section 2254—a rule that authorizes the summary dismissal of a frivolous such petition. But then the judge—without explanation—granted Johnson a certificate of probable cause, thus certifying that Johnson had a non-frivolous ground of appeal. 28 U.S.C. § 2253. Without such a certificate, Johnson, an indigent, could not have appealed.

■ If Johnson had a nonfrivolous ground of appeal, how could his petition have been frivolous? There is (contrary to the suggestion in *Hendricks v. Vasquez,* 908 F.2d 490, 492 (9th Cir.1990)—a suggestion based, we respectfully suggest, on a misreading of *Dory v. Commissioner of Correction,* 865 F.2d 44, 46 (2d Cir.1989)) an answer to this question. The judge might think a suit frivolous, yet not be sure we would agree. After all, it is not unknown for an appellate court to disagree with a trial court's determination of frivolousness—even to the point of reversing that court, as in *Smith–Bey v. Hospital Administrator,* 841 F.2d 751, 759 (7th Cir. 1988). Nevertheless, there is sufficient tension between dismissing a suit as frivolous and granting a certificate of probable cause to make it a good practice for a district judge who issues such a certificate after dismissing a suit as frivolous to state, however briefly, his reasons for acting so. Then we will know what weight to give the dismissal and the certificate. We urge the district judges of this circuit to follow this practice.

■ The certificate of probable cause having been granted, we proceed to the merits of the appeal. *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). Here we can be even briefer. Johnson challenges the sufficiency of the evidence to convict him, but he does this by expressing his disagreement with the state trial judge's decision to believe one of the eyewitnesses against him. We are given no basis to suppose that the trial judge was irrational to credit this witness's testimony; so we must affirm. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

AFFIRMED.