Charles E. **FERGUSON**

v.

Gary **McCAUGHTRY**.

No. 92–C–507.

United States District Court, E.D. Wisconsin.

Oct. 26, 1992.

Charles A. Ferguson, pro se.

No appearances for defendant.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On May 7, 1992, the petitioner, Charles E. Ferguson, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254. By decision and order dated June 10, 1992, the court dismissed the petition for lack of subject matter jurisdiction. Mr. Ferguson subsequently filed a motion for reconsideration; by decision and order dated June 23, 1992, the court denied the motion for reconsideration. Subsequently, Mr. Ferguson filed a notice of appeal; implicit in his notice is an application for a certificate of probable cause, *see* 28 U.S.C. § 2253.

A habeas corpus petitioner may not proceed with an appeal of a district court order dismissing the petition unless the district court first issues a "certificate of probable cause." *See* 28 U.S.C. § 2253 (an appeal "may not be taken to the court of appeals from the final order in a habeas corpus proceeding ... unless the ... judge who rendered the order or a circuit justice or judge issues a certificate of probable cause"); Rule 22(b), Federal Rules of Appellate Procedure ("In a habeas corpus proceeding ... an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who ren-

dered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate shall not issue."). *See also Gordon v. Secretary of State of Wisconsin,* 462 F.Supp. 307, 308 (E.D.Wis.1978) (Gordon, J.).

The test employed by a district court in determining whether to issue a certificate of probable cause to appeal the dismissal of a petition for a writ of habeas corpus was whether the petition presented a "substantial legal question worthy of consideration." *Wilks v. Young,* 586 F.Supp. 413, 417 (E.D.Wis.1984) (Warren, J.); *Gordon,* 462 F.Supp. at 308. The certificate must issue if the petitioner demonstrates that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3395 n. 4, 77 L.Ed.2d 1090 (1983) (quotation omitted). *See also Johnson v. Gramley,* 929 F.2d 350, 351 (7th Cir.1991) (requiring that the appeal present a "non-frivolous ground"). *Cf.* 28 U.S.C. § 1915(d).

Having *twice* examined the matter, the court is satisfied that it lacks subject matter jurisdiction over Mr. Ferguson's petition insofar as he failed to demonstrate that he had exhausted his double jeopardy and ineffective assistance of trial counsel claims by presenting them to the highest state court for a ruling on the merits. Mr. Ferguson's petition reveals that he failed to respond to question "11(c)(2)" in the petition which called upon him to explain if he had appealed from the denial of his request for a supervisory writ by the Wisconsin court of appeals, in which he raised, for the first time, his ineffective assistance of trial counsel claim. Thus, Mr. Ferguson failed to demonstrate that he presented his *claims* to the Wisconsin supreme court—Wisconsin's highest state court—for a ruling on the merits.

I believe that the court of appeals would agree with that determination, and I do not find that the question presented is "debata-

**668**

ble among jurists of reason." Accordingly, the court will not issue a certificate of probable cause.

### ORDER

Therefore, IT IS ORDERED that Mr. Ferguson's motion for a certificate of probable cause be and hereby is denied.