**Charles ROGERS, Petitioner,**

v.

**STATE OF WISCONSIN, Respondent.**

No. 92–C–969.

United States District Court,
E.D. Wisconsin.

Jan. 19, 1993.

Charles Rogers, pro se.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner, Charles Rogers, currently incarcerated at the Waupun Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242 and 2254, along with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By decision and order of November 30, 1992, I dismissed Mr. Rogers' petition for a lack of subject matter jurisdiction, pursuant to Rule 4, Rules Governing Habeas Corpus Cases. In addition, on November 30, 1992, a judgment was entered which dismissed the action, without prejudice.

Subsequently, Mr. Rogers filed a motion for reconsideration which was denied by decision and order of December 17, 1992. On December 28, 1992, Mr. Rogers filed a "Motion of [sic] Extension, or Enlargement of Time" pursuant to which he sought an extension of the time for filing a notice of appeal. Thereafter, on December 30, 1992, Mr. Rogers timely filed a notice of appeal along with a request that his motion for an extension of time be dismissed as moot. Implicit in Mr. Rogers' notice of appeal is an application for a certificate of probable cause. *See Ferguson v. McCaughtry,* 809 F.Supp. 666, 667 (E.D.Wis.1992).

As a preliminary matter, a notice of appeal (if any) was due in this action no later than December 30, 1992—thirty days after the entry of judgment. *See* Rule 4(a)(1), Federal Rules of Appellate Procedure, However, the time to file a notice of appeal may be extended by a district court under certain circumstances. *See* Rule 4(a)(5), Federal Rules of Appellate Procedure. Because Mr. Rogers timely filed a notice of appeal on December 30, 1992, his pending motion for an extension of time to file a notice of appeal will be dismissed as moot.

A habeas corpus petitioner may not proceed with an appeal of a district court order dismissing the petition unless the district court first issues a "certificate of probable cause." *See* 28 U.S.C. § 2253 (an appeal "may not be taken to the court of appeals from the final order in a habeas corpus proceeding ... unless the ... judge who rendered the order or a circuit justice or judge issues a certificate of probable cause"); Rule 22(b), Federal Rules of Appellate Procedure ("In a habeas corpus proceeding ... an appeal by the applicant for the writ may not proceed unless a district judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate shall not issue."). *See also Gordon v. Secretary of State of Wisconsin,* 462 F.Supp. 307, 308 (E.D.Wis.1978).

■ The test to be employed by a district court in determining whether to issue a certificate of probable cause to appeal the dismissal of a petition for a writ of habeas corpus is whether the petition presented a "substantial legal question worthy of consideration." *Wilks v. Young,* 586 F.Supp. 413, 417 (E.D.Wis.1984); *Gordon,* 462 F.Supp. at 308. The certificate must issue if the petitioner demonstrates that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983) (quotation omitted). *See also Johnson v. Gramley,* 929 F.2d 350, 351 (7th Cir.1991) (requiring that the appeal present a "non-frivolous ground").

■ Having examined the matter on *two* previous occasions, this court is satisfied that it lacks subject matter jurisdiction over Mr. Rogers' petition since he failed to demonstrate that he had exhausted his ineffective assistance of appellate counsel claim by seeking review under Wisconsin's postconviction collateral relief procedure. *See* Wis.Stat. § 974.06. Moreover, I believe that the court of appeals would agree with that determination, and I do not find that the question presented is "debatable among jurists of reason," nor do the questions presented "deserve encouragement to proceed further." *See Wilks,* 586 F.Supp. at 417. Accordingly, the court will not issue a certificate of probable cause.

### ORDER

Therefore, IT IS ORDERED that Mr. Rogers' motion for an extension of time to file a notice of appeal be and hereby is dismissed as moot.

IT IS ALSO ORDERED that Mr. Rogers' application for a certificate of probable cause be and hereby is denied.