**Scott A. HEIMERMANN, Petitioner,**

v.

**Gary R. McCAUGHTRY, Respondent.**

**No. 93–C–1084.**

United States District Court,
E.D. Wisconsin.

Nov. 10, 1993.

Scott A. Heimermann, pro se.

### DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On October 15, 1993, I dismissed Scott A. Heimermann's petition for a writ of habeas corpus. On October 22, 1993, Mr. Heimermann filed a timely notice of appeal accompanied by a request for the issuance of a certificate of probable cause. A habeas corpus petitioner may not appeal the dismissal of a habeas corpus petition unless the district court first issues a "certificate of probable cause." *See* 28 U.S.C. § 2253.

Pursuant to Rule 22, Federal Rules of Appellate Procedure, I am obligated either to "issue a certificate of probable cause or state the reasons why such a certificate should not issue." To determine whether a certificate of probable cause should be issued I must decide whether Mr. Heimermann's habeas corpus petition presented a "substantial legal question worthy of consideration." *Wilks v. Young,* 586 F.Supp. 413, 417 (E.D.Wis.1984). Additionally, the certificate must issue if the petitioner demonstrates that "the issues are debatable among jurists of reason; that a *court* could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed fur-

ther." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3395 n. 4, 77 L.Ed.2d 1090 (1983) (quotation omitted). *See also Lozada v. Deeds,* 498 U.S. 430, 431–32, 111 S.Ct. 860, 861–62, 112 L.Ed.2d 956 (1991) (citing *Barefoot*); *Johnson v. Gramley,* 929 F.2d 350, 351 (7th Cir.1991) (requiring that the appeal present a "non-frivolous ground").

I dismissed Mr. Heimermann's habeas corpus petition because he did not clearly set forth grounds for relief that his being in custody is in violation of the Constitution or law or treaties of the United States, and, more importantly, he failed to demonstrate that he has exhausted his available state court remedies as to all his grounds for relief as required by *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) (holding that a federal court must dismiss a habeas corpus petition if it contains both exhausted and unexhausted claims). *See* October 15, 1993, decision and order at 8. Consequently, I concluded that this court was procedurally barred from addressing his habeas corpus petition.

Mr. Heimermann argues that this court should issue a certificate of probable cause because his failure to exhaust his state court remedies has arisen because of "the existence of circumstances rendering [the State corrective process] ... ineffective to protect the rights of the prisoner." *See* 28 U.S.C. § 2254(b). Specifically he alleges that the state corrective process is ineffective because of "excessive and unjustifiable delays" he has incurred in attempting to appeal his conviction. He alleges that such delays have occurred because of the state's failure to appoint him appellate counsel.

In my opinion, Mr. Heimermann's argument outlined above in support of his request for a certificate of probable cause is disingenuous considering that his original petition revealed that he did have appellate counsel who the Wisconsin court of appeals "dismissed" upon the motion of Mr. Heimermann. Furthermore, in his habeas corpus petition, Mr. Heimermann states that he prosecuted an appeal to the Wisconsin court of appeals concerning some of his grounds for habeas corpus relief and that he even raised one or two of his grounds for habeas

corpus relief before the Wisconsin Supreme Court. It is clear that he did not raise *all* of his grounds. *See* October 15, 1993, decision and order at 4–6.

Consequently, I believe that a reasonable jurist could not reach a different disposition of Mr. Heimermann's habeas corpus petition; the record shows he did have appellate counsel at one time, and that he has failed to exhaust his state court remedies with respect to *all* of his grounds for habeas corpus relief, as required by *Rose v. Lundy.* Therefore, Mr. Heimermann's request for the issuance of a certificate of probable cause will be denied.

### ORDER

Therefore, IT IS ORDERED that Mr. Heimermann's request for the issuance of a certificate of probable cause be and hereby is denied.