James R. BROWNSON, Petitioner,

v.

Donald GUDMANSON, Respondent.

No. 95–C–662.

United States District Court,
E.D. Wisconsin.

April 17, 1996.

Foley & Lardner by Walter Zimmerman, Milwaukee, WI, for Plaintiff.

Wisconsin Dept. of Justice by William C. Wolford, Assistant Attorney General, Madison, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 19, 1995, petitioner James Brownson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In a July 7, 1995, decision and order I granted the petitioner's request for leave to proceed in forma pauperis. Subsequently, I appointed counsel for Mr. Brownson.

By decision and order dated March 1, 1996, I dismissed Mr. Brownson's petition for a writ of habeas corpus. In addition, on March 1, 1996, judgment was rendered dismissing Mr. Brownson's action, without prejudice. On March 28, 1996, Mr. Brownson filed a notice of appeal. Implicit in his notice of appeal is an application for a certificate of probable cause. *See Ferguson v. McCaughtry,* 809 F.Supp. 666, 667 (E.D.Wis.1992).

Pursuant to 28 U.S.C. § 2253, an appeal may not be taken from a final order in a habeas corpus proceeding "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." Rule 22(b), Federal Rules of Appellate Procedure, provides:

> In a habeas corpus proceeding ... an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of probable cause. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of probable cause or state the reasons why such a certificate should not issue.

The purpose behind the requirement of a certificate of probable cause is to help separate frivolous claims from potentially meritorious ones. *Barefoot v. Estelle,* 463 U.S. 880, 892, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983). The certificate must issue if the petitioner demonstrates that " 'the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Id.* at 893 n. 4, 103 S.Ct. at 3395 n. 4 (quoting *Gordon v. Willis,* 516 F.Supp. 911, 913 (N.D.Ga.1980)). Having assessed Mr. Brownson's petition under the aforementioned standards, I do not believe that the petitioner is entitled to the issuance of a certificate of probable cause.

Mr. Brownson's habeas corpus petition was dismissed because he had failed to exhaust his state court remedies. The petitioner argued that, due to the delay in resolution by the state court of his motion for post-conviction relief, the state process was ineffective to protect his rights. *See* 28 U.S.C. § 2254(b). Therefore, he asserted that he should not be required to exhaust his state court remedies prior to this court's consideration of the merits of his petition for a writ of habeas corpus. I found that the ten-month delay in this case, only a portion of which was attributable to the state, was insufficient to relieve Mr. Brownson of his obligation to exhaust his state court remedies.

I do not believe that the question presented by Mr. Brownson is "debatable among jurists of reason," nor do the questions presented "deserve encouragement to proceed further." *See Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. at 3395 n. 4. Accordingly, the court will not issue a certificate of probable cause.

## ORDER

Therefore, IT IS ORDERED that Mr. Brownson's application for a certificate of probable cause be and hereby is denied.