Tommy **LILES**, Petitioner,

v.

The **SOUTH CAROLINA DEPARTMENT OF CORRECTIONS**, and William D. Leeke, Director, Respondents.

No. 13419.

United States Court of Appeals
Fourth Circuit.

Aug. 28, 1969.

**613**

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Tommy Liles, a South Carolina prisoner, seeks to appeal a denial by the district court (Hemphill, J.) of his "Application for Declaratory Judgment."

In his petition to the district court, Liles complained of the procedures employed by the state prison authorities in the operation of the prison canteen. Alleging that inmates are not allowed to purchase articles from sources other than the canteen, that the prices charged at the canteen include a thirty per cent "administrative duty" added to the normal retail price, and that state sales taxes are imposed on the purchase price

*after* the "administrative duty" is added, Liles contends that:

(1) the prices charged constitute monopolistic price fixing in violation of federal law,

(2) the "administrative duty" is imposed in violation of state law,

(3) imposing the tax on the "administrative duty" is in violation of state law, and

(4) the foregoing amount to a denial of equal protection of the laws.

The district court refused relief on the ground that Liles had made no showing that he had exhausted his available state remedies.

After receiving notice of the dismissal of his petition, Liles filed a timely notice of appeal, which the district judge refused to honor. Subsequently, upon Liles' petition to this court that his case be reviewed on appeal, we requested the district court to submit the file to this court for review.

■■ We conclude that the district court erred in refusing relief on the ground of failure to exhaust state remedies. Liberally construing Liles' complaint, he seeks relief under the Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq., and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Resort to state courts before seeking relief in the federal courts is not required in cases arising under either Act. *See* Rivers v. Royster, 360 F. 2d 592 (4 Cir. 1966); Cassidy v. Riddles, No. 11,655 (4 Cir. March 22, 1968) (Mem. Dec.). Therefore, the district court should have considered petitioner's claims on their merits. We remand for such consideration without expressing an opinion on the merit of Liles' contentions.

We further hold that the district court erred in refusing to honor Liles' timely notice of appeal. Title 28 U.S.C. § 1291 provides that, "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * *." Rules 3 and 11 of the recently adopted Federal Rules of Appellate Procedure set forth the procedures which must be followed

by the appellant and district court in effectuating an appeal as of right.

Rule 3(a) provides:

"An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4."

Rule 11(b) provides:

"When the record is complete for purposes of the appeal, the clerk of the district court *shall* transmit it to the clerk of the court of appeals." (Emphasis added.)

▮▮▮ Neither by the statutes of the United States nor the Federal Rules of Appellate Procedure is the district court given the power to deny review by this court of a case in which an appeal as of right is assured. Even in cases where a certificate of probable cause to appeal is required, the district court must, after refusing to grant such a certificate, transmit to this court the notice of appeal and the file of the proceedings in the district court, so that this court may independently determine whether a certificate of probable cause should issue. Fed.R.App.P. 22(b). Where an indigent prisoner seeks to appeal *any* final decision of a district court justice requires that the records of the case be transmitted to this court for review. This will insure that the right of appeal will not be lost or denied because of a prisoner's indigence or his ignorance of proper appellate procedures.

▮▮▮ In reaching this conclusion, we are mindful of the provisions of Fed.R.

App.P. 24(a) concerning appeals in forma pauperis. This rule provides that a party who has been permitted to proceed in the district court in forma pauperis

"may proceed on appeal in forma pauperis without further authorization unless, * * * the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court *shall state in writing the reasons for such certification or finding.*"

(Emphasis added.)

The rule further provides:

"If a motion for leave to proceed on appeal in forma pauperis is denied * * * [a] motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court."

Therefore, where the district court denies leave to appeal in forma pauperis that court must state in writing its reason for the denial[1] and serve the petitioner with notice of such action. Because of our concern that an indigent defendant, through ignorance of proper appellate procedures, might lose his right of appeal, we further hold that the district court should apprise the indigent prisoner of the proper procedures for seeking an appeal in this court. A copy of the district court's order denying leave to proceed on appeal in forma pauperis should be forwarded by the clerk of the district court to this court in order that we may ascertain the nature[2] and timeliness of Rule 24(a) motions to this court.

1. In case the district court certifies that the appeal is not taken in good faith, the required written statement must show not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). Additionally, an appeal is properly denied as lacking the requisite good faith where there is a

clear indication that the conduct of an indigent appellant amounts to a deliberate harassment of the courts or an intentional abuse of the judicial process.

2. It is often difficult to distinguish a Rule 24(a) motion from a notice of appeal which has been improperly filed in this court. The procedure which we have outlined will greatly facilitate our understanding of the nature of these pro se motions which are often ineptly and almost unintelligibly drawn.

For the reasons stated, leave to appeal in forma pauperis is granted, the order of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.