818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clinton I. McDANIEL, Plaintiff--Appellant,
v.
Lee BECHTOLD, Sheriff of Wood County; Wood County,
Parkersburg, West Virginia, Defendants--Appellees.
 No. 86-7253.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 11, 1987.
Decided April 29, 1987.
 
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Clinton I. McDaniel, appellant pro se.
 J. Michael Weber, Davis, Bailey, Pfalzgraf & Hall, for appellees.
 PER CURIAM:
 
 
 1
 Clinton I. McDaniel, a West Virginia inmate, appeals the district court's dismissal of his action brought pursuant to 42 U.S.C. Sec.l983 and 28 U.S.C. Sec. 1343. The district court shall be affirmed for the reasons set forth below.
 
 
 2
 McDaniel alleged that jail officials denied him medical treatment. After trial in the district court, the jury found in favor of the defendant sheriff and a directed verdict was entered for the defendant county. McDaniel filed a timely motion for a new trial on the ground that his attorney had been ineffective. The district court denied McDaniel's motion, informing him that he had thirty days to note an appeal. Denial of this motion was not entered on a separate document. McDaniel filed his notice of appeal thirty-three days later. The district court dismissed the notice of appeal as untimely.*
 
 
 3
 The notice of appeal operated to transfer the jurisdiction of the case to this Court; therefore, the district court had no jurisdiction to act except in aid of the appeal. The order of the district court striking the notice of appeal is a nullity. See Rogg v. United States, 411 F.2d 578, 580 (6th Cir. 1969); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); Liles v. South Carolina Department of Corrections, 414 F.2d 612, 614 (4th Cir. 1969).
 
 
 4
 We find that McDaniel's notice of appeal was timely because he appealed from an order that was not entered pursuant to Fed. R. App. P. 4(a)(6). See id. (order is "entered" when it is entered in compliance with Fed. R. Civ. P. 58 and 79(a)); Fed. R. Civ. P. 58 (order must be set forth on separate document); Fed. R. Civ. P . 79 (a) (order must be entered on docket). The district court denied McDaniel's Rule 59 motion with a memorandum opinion; there was no separate order or entry on the docket sheet. See Calhoun v. United States, 647 F.2d 6, 9-10 (9th Cir. 1981) (court determined sua sponte that Rule 59 motion denial was not "entered" when denial was not contained in separate order or entered on docket); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688 (4th Cir. 1978) ("entry" occurs when order is set forth' in separate document from opinion and separate document is noted on docket sheet). Under Fed. R. App. P. 4(a) (6), an order is not entered for purposes of commencing the appeal period until it is entered in compliance with Rules 58 and 79(a). Absent a date of entry, McDaniel cannot be found to have exceeded his appeal limit set forth in Fed. R. App. P. 4(a)(1) and (4). Thus, McDaniel's appeal is timely and we will consider the merits without requiring mechanical entry of the order. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978); Caperton, 585 F.2d at 691 (court may consider merits of appeal without requiring parties to return to district court).
 
 
 5
 McDaniel contends on appeal that his right to effective assistance of counsel was violated when his attorney failed to call certain witnesses at trial. In a civil rights action, McDaniel has no constitutionally protected right to effective assistance of counsel. See Sanchez v. United States Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1986) (sixth amendment right to effective assistance of counsel does not apply to civil proceedings); Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir. 1985) (plaintiff in SS 1983 action has no constitutional right to effective assistance of counsel). This rule is based on the presumption that the plaintiff's liberty is not at stake; thus, the circumstances are not sufficient to trigger a due process requirement. See Nicholson, 767 F.2d at 1427. McDaniel's attempt to set aside the judgment in favor of defendants on the basis of ineffective assistance of counsel must fail. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Due to a clerical error in this Court, appellee's motion to dismiss was apparently forwarded by this Court to the district court for consideration