968 F.2d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James R. HARVEY, d/b/a Harchem of South Carolina, Plaintiff-Appellant,
v.
TAYLOR COUNTRY FARMS, LTD., Defendant-Appellee,
and
David TAYLOR; A. L. Wells, d/b/a Wells Bros. & Associates,
Individually; W. R. Burrell; Burrell &
Associates Distributors, Incorporated,
Defendants.
 No. 91-1849.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 27, 1992
Decided: July 20, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CA-87-88-A-C)
 James R. Harvey, Appellant Pro Se.
 Richard Samuel Daniels, Victor W. Buchanan, Patla, Straus, Robinson & Moore, P.A., Asheville, North Carolina, for Appellee.
 W.D.N.C.
 DISMISSED.
 Before WIDENER, PHILLIPS, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James R. Harvey, d/b/a Harchem of South Carolina, appeals the district court's order dismissing his action for breach of contract and unfair trade practices against Taylor Country Farms, Inc. ("Taylor"), after a jury trial. Harvey filed a motion in the district court seeking leave to proceed in forma pauperis on appeal, which the district court denied. He renews his motion on appeal. Our review of the record reveals there are no arguable legal issues presented on appeal. Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal.
 
 
 2
 Harvey alleges that he entered into a contract with A.L. Wells, d/b/a Wells Brothers & Associates ("Wells"), whereby Harvey would be the exclusive distributor of Taylor Country Farm's meat products in Eastern Tennessee, all of South Carolina, and Northern Florida. It is alleged that, at that time, Wells was the exclusive distributor of Taylor's products east of the Mississippi. Harvey contends that Defendants represented to him that the product in question had a shelf life of six months. Harvey purchased large quantities of the product for resale in retail stores, investing approximately $10,000. Harvey was later required to retrieve the products from stores to which he had sold them because they had turned rancid within a few weeks. Harvey alleges that he suffered economic loss due to the mold on the meat products manufactured by Taylor and distributed to him by Wells. He further alleges that the problem with the meat was caused by inadequate curing, which he contends was a course of conduct by Taylor.
 
 
 3
 Harvey filed this action against David Taylor, the president of Taylor Country Farms; Taylor Country Farms; A.L. Wells, individually and d/b/a Wells Bros. & Associates; W.R. Burrell; and Burrell & Associates Distributors, Inc. ("Burrell"), certified public accountants allegedly employed by Wells.* The complaint contained five legal claims: (1) unfair trade practice, in violation of N.C. Gen. Stat. § 751.1 (1988); (2) unfair trade practice, in violation of § 1 of the Sherman Act, 15 U.S.C. § 1 (1988); (3) tortious interference with contract; (4) tortious interference with prospective advantage; and (5) breach of contract. The district court dismissed claims (2), (3), and (4) against Taylor Country Farms. Remaining were claims (1) and (5); the state law unfair trade practice claim, and breach of contract claim, the only claims raised on appeal.
 
 
 4
 After a jury trial, the district court ordered dismissal on the merits of both claims. The district court denied Harvey's request to proceed in forma pauperis on appeal and denied his request to obtain a transcript of the trial proceedings at government expense. This appeal followed.
 
 
 5
 We review the district court's denial of leave to proceed in forma pauperis on appeal under an abuse of discretion standard. See Williams v. Field, 394 F.2d 329 (9th Cir.), cert. denied, 393 U.S. 891 (1968). In forma pauperis status may not be granted if the trial court certifies that it is not taken in good faith. 28 U.S.C. § 1915(a) (1988). In this case, the district court denied leave to proceed in forma pauperis on appeal based both on the affidavit of poverty and on its determination that Harvey would be unlikely to succeed on appeal.
 
 
 6
 The district court's certification that the appeal is taken in bad faith controls in the absence of some showing that the district court itself made such a determination in bad faith. See Maloney v. E.I. Du Pont de Nemours & Co., 396 F.2d 939 (D.C. Cir. 1967), cert. denied, 396 U.S. 1030 (1970). Harvey has submitted no arguments as to why or how the district court's denial of in forma pauperis status was unwarranted.
 
 
 7
 Where the district court certifies that the appeal is not taken in good faith, it must show "not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." Liles v. South Carolina Dep't of Corrections, 414 F.2d 612, 614 n.1 (4th Cir. 1969). As noted by the district court, Harvey failed to state in his application to proceed in forma pauperis what relief he would seek on appeal or what issues he would present. However, our review of the record and the informal briefs submitted on appeal reveals no arguable basis in fact or in law for this appeal. See Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721 (4th Cir. 1989) (interpreting standard of frivolousness in context of dismissals under 28 U.S.C. § 1915(d) (1988)).
 
 
 8
 Harvey pursued an action for breach of contract, yet the record reveals no evidence of a contract between Harvey and Taylor. Taylor points out in his informal brief on appeal that the uncontradicted evidence at trial revealed that Harvey primarily did business through Wells, Wells was the distributor of Taylor's products, Harvey made all payment for the meat to Wells, and Wells was the only person who ever made payments to Harvey. Harvey does not dispute these assertions.
 
 
 9
 Moreover, Harvey never submitted any documents in support of his contractual claim against any party to his original action. He also conceded in his deposition that it was Wells who gave him the "exclusive" rights to distribute in a particular geographic area. Harvey further testified that it was only Wells who made representations concerning the nature of his distributorship and who encouraged him to devote time and money to the enterprise. Moreover, when the meat products began to spoil, it was Wells who set up a method for reimbursement to Harvey. In light of the evidence in support of the jury's determination that no contractual relationship existed, we do not believe the district court abused its discretion in refusing to certify the appeal as nonfrivolous.
 
 
 10
 Likewise, we hold that the appeal of the state-law claim of unfair business practice is frivolous. Even if the existence of a contract had been established, the mere breach of a contract, even if intentional, does not in itself constitute an unfair trade practice under N.C. Gen. Stat. § 75-1.1. See Bartolomeo v. S.B. Thomas, Inc., 889 F.2d 530 (4th Cir. 1989). To establish a prima facie case under this section, Harvey must show (1) an unfair or deceptive act or unfair method of competition, (2) affecting commerce, (3) which proximately caused an actual injury to Harvey or his business. See Spartan Leasing, Inc. v. Pollard, 400 S.E. 2d 476 (N.C. Ct. App. 1991). Harvey contends that a representative of Taylor told him that a young man in the plant "made a mistake and pulled the beef from the ovens too soon," causing it to prematurely rot. However, Harvey admitted that this was the only incident of which he was aware. In addition, Taylor readily admitted its mistake throughout the relevant time period. Finally, Harvey has not shown the requisite causal link between Taylor's actions and any injury he sustained. This is especially evident in view of the fact that his real avenue of redress was against Wells, with whom he had the agreement regarding distribution. In view of these considerations, we find no arguable basis for an appeal on this claim.
 
 
 11
 Finally, because a party must be proceeding in forma pauperis to be eligible for transcripts at government expense, 28 U.S.C. § 753(f), the denial of Harvey's request for a transcript was also not an abuse of discretion.
 
 
 12
 Accordingly, we deny leave to proceed in forma pauperis on appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 13
 FN*David Taylor was dismissed as a Defendant in his individual capacity because the district court determined it lacked personal jurisdiction over him. A.L. Wells, individually and d/b/a Wells Brothers & Associates, was dismissed as a Defendant after filing for bankruptcy. W.R. Burrell and Burrell & Associates Distributors, Inc., were also dismissed. Harvey challenges none of these prior dismissals in this appeal.