**In re Patricia W. FROMAL, Debtor.**

No. 2:92cv973.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 31, 1993.

Patricia W. Fromal; Newport News, VA, pro se/appellant.

John E. Robins, Jr., John E. Robins, Jr., & Associates, Hampton, VA, pro se/appellee.

Jack D. Maness, Norfolk, VA, pro se/trustee.

John E. Waites, Norfolk, VA, U.S. Trustee.

## MEMORANDUM AND ORDER

PAYNE, District Judge.

Patricia W. Fromal, a voluntary debtor under Chapter 7 of the Bankruptcy Code, has applied for leave to appeal *in forma pauperis* from a decision of this court affirming a final order of the United States Bankruptcy Court for the Eastern District of Virginia, (Hal J. Bonney, *Judge*), that sustained the objections of the Trustee and an unsecured creditor to exemptions Fromal claimed under 11 U.S.C. § 522(d). Fromal also has filed a motion seeking a free copy of the transcript of the proceeding before the Bankruptcy Court. *See* 28 U.S.C. § 753(f). For the reasons set forth below, Fromal's application to proceed *in forma pauperis* and her request for a free transcript are denied.

Under 28 U.S.C. § 1915(a), a district court has discretion to authorize a party to proceed in a lawsuit without prepayment of fees and costs. In exercising this discretion, a court must consider " 'the poverty and good faith of the applicant and the meritorious character of the cause in which relief was asked.' " *Matchum v. United States Postal Service*, 947 F.2d 941 (4th Cir.1991) (table; test in Westlaw) (citation omitted); *see also Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Regardless of poverty, *in forma pauperis* status may not be granted if the district court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a).

With regard to the element of poverty, the court finds that Fromal, who has no dependents, is not impoverished. The affidavit of poverty Fromal submitted with her application to proceed *in forma pauperis* shows that Fromal has substantial real estate holdings (owned with her husband as tenants by the entirety) with a current market value of $162,500, $80,000 of which is attributed to her personal residence. According to the affidavit, "most of the property" is on the market for sale.

In a related proceeding, in which the Bankruptcy Court denied Fromal's motion to appeal *in forma pauperis* to this court, the Bankruptcy Court found that Fromal had net monthly rental income from one of the properties of approximately $300.00. *In re Patricia Fromal*, No. 92–22543–B (Bankr. E.D.Va. March 17, 1993). Although Fromal claims that this rental income was held for "management purposes," the rent payments nonetheless represent income to her.

The court further observes that, although Fromal's license to practice law has been suspended, she is a Certified Public Accountant. While Fromal apparently must complete some continuing education courses in order to renew her certification as an accountant, she has offered no reason why she cannot use her accounting skills to obtain gainful employment.

Under these circumstances, the court finds that, although Fromal may have limited liquid assets, she is not impoverished and can therefore pay the costs of appeal. Moreover, even if Fromal were impoverished, her application to proceed *in forma pauperis* would be denied because the court certifies that this appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a). To find that an appeal is not taken in good faith, the court must conclude "not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Harvey v. Taylor Country Farms, Ltd.*, 968 F.2d 1211 (4th Cir.1992) (table; text in Westlaw) (quoting *Liles v. South Carolina Dep't of Corrections*, 414 F.2d 612, 614 n. 1 (4th Cir.1969)). For the reasons stated in the opinion affirming the Bankruptcy Court's denial of Fromal's claimed federal exemptions and imposing sanctions, *see In re Patricia Fromal*, 151 B.R. 730 (E.D.Va.1993), the court finds that this appeal is frivolous because there simply is no arguable basis in law or fact to support her claims, which, among other things, contravene the plain language of the Virginia Code. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Because the court concludes that Fromal is not a pauper and that her appeal is frivolous, Fromal's motion for a free transcript also is denied. *See* 28 U.S.C. § 753(f) (litigant entitled to free transcript on civil appeal if litigant is entitled to appeal *in forma pauperis* and if court "certifies that the appeal is not frivolous (but presents a substantial question".)).

The Clerk is directed to send a copy of this Memorandum and Order to all parties.

It is so Ordered.