UNITED STATES of America, Plaintiff,

v.

Clarence BRITT, Petitioner.

Action Nos. 4:90cv350, 4:90cv351
and 4:90cv373.

United States District Court,
E.D. Virginia,
Newport News Division.

Dec. 11, 1995.

Kent P. Porter, U.S. Atty's Office, Norfolk, VA, for plaintiff.

Clarence Britt, Petersburg, VA, Pro Se.

### ORDER

DOUMAR, District Judge.

Movant seeks leave to proceed without payment of the filing fee on his appeal of this Court's dismissal under Rule 4(b) of his § 2255 Motion to Vacate, Set Aside or Correct his sentence. For the reasons set out below, the Court DENIES the motion to proceed in forma pauperis.

### I. *Procedural Background*

Petitioner was charged on July 2, 1990 in the Eastern District of North Carolina with attempted possession of 11 kilograms of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1) and the carrying of a firearm during the commission of a drug trafficking crime under 18 U.S.C. § 924(c). Petitioner was found guilty of both charges on March 6, 1991, and sentenced to 211 months on March 27, 1991. Petitioner's conviction was appealed, and the Fourth Circuit affirmed the conviction in an unpublished per curiam opinion on April 7, 1992. *United States v. Britt*, 959 F.2d 232 (Table) (4th Cir.1992) (No. 91–5024), *cert. denied* — U.S. ——, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

In July of 1990, the United States filed civil complaints for forfeiture of various pieces of property in the Eastern District of Virginia under 21 U.S.C. § 881(a)(7). Petitioner filed a claim to the property on August 1, 1990. On October 10, 1990, all three cases, CA 90–350–NN, CA 90–351–NN, and CA 90–373–NN, were ordered consolidated. At the conclusion of a four-day jury trial in which the Petitioner was present with his three attorneys, a jury verdict and judgment were entered against Petitioner on February 28, 1991. The Order of forfeiture was entered on March 5, 1991. This Court's judgment in the civil forfeiture proceedings was affirmed by the Fourth Circuit in an unpublished opinion on December 9, 1993. *United States of America v. Britt, Claimant–Appellant, and $1,014,509, et al.*, (per curiam) 9 F.3d 1544 (4th Cir.1993) (No. 91–7537). Petitioner then filed a "Motion for Stay of Mandate Pending Disposition of Motion to Recall Mandate" on November 29, 1994, which was subsequently denied on December 15, 1995. On February 8, 1995, Petitioner filed another motion, and on April 28, 1995, this Court ordered dismissal of the motion insofar as it contested the forfeiture and denied the motion insofar as it sought return of the weapons.

Finally, petitioner filed a motion under 28 U.S.C. § 2255, claiming that the forfeiture violated his Fifth Amendment rights in that he has been twice put in jeopardy for the

same offense. By order dated September 12, 1995, this Court denied petitioner's § 2255 Motion to Vacate, set aside or correct his sentence. This Court held that a facial reading of 28 U.S.C. § 2255 revealed that a federal court may only consider a § 2255 petition that challenges custody under a federal criminal conviction or sentence, and that the statute did not authorize collateral attacks on civil forfeitures in an effort to secure the release of forfeited property. Therefore, because Plaintiff did not claim the right to be released in his § 2255 motion, the Court determined that subject matter jurisdiction was lacking. The Eastern District of Virginia had nothing to do with his criminal conviction and sentence.

Subsequently, petitioner filed a notice of appeal of this Court's decision, and on October 23, 1995, submitted an application to proceed in forma pauperis on appeal. Pursuant to Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915(a), this Court sought to determine whether petitioner should be allowed to proceed in forma pauperis on appeal, and required petitioner to respond to the Court's interrogatories. Having received petitioner's responses to the Court's interrogatories, and having reviewed the entire record of petitioner's motion and appeal, the Court DENIES petitioner's application to proceed in forma pauperis on appeal.

## II. *In Forma Pauperis Application*

The Court finds that plaintiff's present appeal has been taken in bad faith. The frivolity of petitioner's appeal is apparent on the face of the docketing statement for the Fourth Circuit. In response to the question of whether a sentence has been imposed and for what term, the response provided by petitioner is a sentence term of "FORFEITURE." As stated above, this Court presided over petitioner's civil forfeiture proceeding, which resulted in a judgment against petitioner, not a sentence. Petitioner was convicted and sentenced criminally elsewhere.

As discussed above and in more detail in the order denying petitioner's motion, petitioner's claims clearly contravene the plain language of 28 U.S.C. § 2255. *See In re Fromal,* 151 B.R. 733, 735 (E.D.Va.1993) (Payne, J.) (denying leave to proceed *in forma pauperis* on appeal where claims contravened the plain language of the Virginia Code). Thus petitioner's appeal of a dismissal of a § 2255 motion, where petitioner's criminal sentence was not even imposed by this Court, and where petitioner does not seek the alteration of a sentence, is wholly without a basis in fact or in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *White v. White,* 886 F.2d 721 (4th Cir.1989). Petitioner's appeal is therefore completely frivolous, and following the Fourth Circuit's command in *Liles v. South Carolina Dep't of Corrections,* 414 F.2d 612 (4th Cir.1969), the Court FINDS that "the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant." *Id.* at 614 n. 1; *see also, Tavarez v. Reno,* 54 F.3d 109, 110 (2d Cir.1995); *Tolefree v. Cudahy,* 49 F.3d 1243, 1243 (7th Cir.1995).

Finally the Court is also persuaded by petitioner's frequent abuse of the judicial process, having previously stated that "Petitioner has had full rights of appeal in all of his cases and is abusing the process of this Court." In *Liles,* the Fourth Circuit further stated that "an appeal is properly denied as lacking the requisite good faith where there is a clear indication that the conduct of an indigent appellant amounts to a deliberate harassment of the courts or an intentional abuse of the judicial process." 414 F.2d at 614 n. 1. This appeal fits perfectly within that description. Therefore, the Court CERTIFIES, in accordance with Federal Rule of Appellate Procedure 24 and 28 U.S.C. § 1915(a), that plaintiff's present appeal has been taken in bad faith, and DENIES petitioner's application to proceed *in forma pauperis* on appeal.

The Clerk is **DIRECTED** to send a copy of this order to plaintiff.

IT IS SO **ORDERED.**