In re Frank M. BYERS, III, Debtor.

No. 07–59297.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Signed Oct. 10, 2014.

John F. Cannizzaro, Amy Elizabeth Gullifer, Cannizzaro, Bridges, Jillisky & Streng, Marysville, OH, for Debtor.

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR PAUPER STATUS

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for hearing on September 5, 2014 upon two Motions for Pauper Status (Docs. # 323 and 324) filed by Patricia A. Byers, a creditor in the above captioned Chapter 13 case. Ms. Byers seeks waiver of the filing fee charged by the clerk of court in connection with two appeals commenced by Ms. Byers. Present at the hearing were Ms. Byers (hereinafter, "Creditor") and Amy Gullifer, representing Debtor Frank M. Byers, III.[1]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157.

## I. Findings of Fact

Based upon arguments presented and evidence adduced at the hearing, the Court finds and concludes as follows:

Debtor Frank M. Byers, III (hereinafter, "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code in 2007. Creditor is the former spouse of Debtor. Although Creditor was active in the early stages of the case,[2] her filings were ultimately resolved,[3] and Debtor's Chapter 13 Plan proceeded to confirmation. Debtor's Discharge was entered on December 30, 2013.

Creditor subsequently commenced an aggressive campaign of filings designed to secure payment of her prepetition claim.

---

1. At the conclusion of presentation of evidence and before closing arguments, the Court took a short recess, instructing the parties what time the court would reconvene for presentation of closing arguments. Creditor did not appear for closing arguments.

2. Creditor filed an objection to Debtor's Motion to Continue Automatic Stay (Doc. # 13), a Motion for Dismissal (Doc. # 39), objections to confirmation of Debtor's Chapter 13 plan (Docs. # 40, 47), and a few other miscellaneous motions.

3. See Order Allowing Limited Relief from Stay to Patricia A. Byers (Doc. # 19) and Order Sustaining Debtor's Motion for an Order Seeking Sanctions Including Attorney Fees and Expenses of Deposition Against Patricia A. Byers (Doc. # 88).

Among the motions she filed were a Motion for Reconsideration of Order Denying Creditor Patricia A. Byers' Motion for an Extension of Time for Leave to Appeal (Doc. # 307), and a "Request by Determination of the Court Debtor Amend the Creditor Matrix List" (Doc. # 308). Both motions were denied. *See* Order Denying Creditor/Appellant Patricia A. Byers' Motion for Reconsideration of Order Denying Creditor Patricia Byers' Motion for Extension of Time for Leave to Appeal (Doc. # 312) and Order Denying Creditor Patricia A. Byers' Request That Court Direct Debtor to Amend the Creditor Matrix (Doc. # 311). Creditor timely filed a notice of appeal of each order and a motion for leave to appeal regarding each order.[4] Creditor contemporaneously filed a Motion for Pauper Status (hereinafter collectively, the "Motions") with respect to each appeal.

As required by statute, an Affidavit is attached to each of the Motions. Aside from the issues on appeal articulated in the Affidavits, the Affidavits are identical. They reflect that Creditor is single with no dependents. As of July 14, 2014, Creditor was unemployed, and her sole source of income was from gifts amounting to $500. Creditor represented in the Affidavits that she does not have a vehicle or a home or any other real estate. The only assets disclosed were $20 in cash, $1,000 in a checking account, a Chriscraft boat and 18′ trailer, and amounts that she asserts Debtor owes her. The Affidavits set forth her expenses as follows:

| | |
|---|---|
| Rent or mortgage payment | $0 |
| Utilities | 0 |
| Food | 500 |
| Clothing | 200 |
| Laundry/dry cleaning | 50 |
| Medical/dental expense | 100 |
| Recreation/entertainment | 100 |
| Health insurance | 220 |
| Motor vehicle insurance | 600 |
| Hill Storage | 125 |
| Motor vehicle expense | 100 |
| Ohio realtor's license fees | 100 |
| Cell phone | 145 |
| **Total** | **$2,240** |

The evidence elicited at the evidentiary hearing on Creditor's Motions painted a somewhat different picture. Most notably, she is not, in fact, paying many of the expenses listed in her Affidavit. She is not paying health care insurance, motor vehicle insurance, the fee for a storage unit where her household goods are housed, fees associated with a realtor license that she has previously held or a car installment payment. Of the remaining expenses listed on her Affidavits (in the approximate amount of $1,095), Creditor has significant discretionary expenses: she enjoys golf outings and eats out. She testified that she dines out "quite a bit".

Creditor's income of $500 per month has come from friends and parents. She no longer receives any funds from her parents, but receives funds from other sources occasionally, including, surprisingly, Debtor. A few weeks prior to the hearing, Creditor obtained part time employment as a care giver for a young adult with special needs. She has been hired by the parents of the young adult, at the rate of $10 per hour. She was hired to work a specific schedule of twelve hours per week, but she also fills in when other care givers are not available. She is paid weekly. Her first paychecks were approximately $250.

<hr/>

4. Regarding the order denying Creditor's motion for reconsideration, see Creditor Patricia A. Byers' Motion for Leave to Appeal to the Sixth Circuit Court of Appeals (Doc. # 317) and Creditor Patricia A. Byers' Notice of Appeal (Doc. # 321).

Regarding the order on the motion to direct Debtor to amend the creditor matrix, see Creditor Patricia A. Byers' Motion for Leave to Appeal to the BAP Sixth Circuit Court of Appeals (Doc. # 319) and Creditor Patricia A. Byers' Notice of Appeal (Doc. # 322).

Creditor does not have a vehicle of her own. Her vehicle was totaled in a car accident. In late July, she received approximately $5,000 from insurance for the loss. She used some of the funds to pay the filing fee for an adversary proceeding she has recently commenced against Debtor and to pay the fee charged by the clerk of court for recordings that she has ordered of various court hearings. She has been using the remaining funds for her living expenses. But Creditor is not without transportation: Creditor's mother is allowing Creditor to use her car, at no direct cost to Creditor. Creditor allegedly pays some of her mother's bills and expenses in exchange for use of the vehicle, although the Court finds this difficult to believe, inasmuch as Creditor purportedly has little income.

In addition to the assets disclosed in the Affidavits, Creditor owns household goods [5] which she described as "highly valuable". In her testimony, she highlighted the fact that, after her divorce from Debtor, she had had to store household furnishings and personal belongings that had filled a 6,000 square foot home. She described some of her household items: Bernhardt armoires, a leather sofa, silk chairs, an extended marble-topped buffet, silver items, many sets of Lennox dishes, expensive lamps, golf clubs and very nice clothing. Additionally, she shared that she had given "beautiful" (as she described it) bedroom furniture and antiques to her children. Her children also have her dining furniture; it is not clear whether she gave it to them or just loaned it to them.

Finally, the Affidavits state that Creditor has paid or will be paying $40,000 of attorney fees in connection with this litiga-

tion. However, under cross examination at the hearing, Creditor conceded that she has actually paid counsel only $7,500. And Creditor is currently proceeding *pro* se in all matters before this Court.

## II. Analysis

▮▮▮ Creditor premised the Motions on Federal Rule of Appellate Procedure 24. The Federal Rules of Appellate Procedure do not apply. *See* Fed. R.App. P. 1. Appeals from bankruptcy court are governed by Part VIII of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 8001, *et seq.* There is no provision in Part VIII of the Federal Rules of Bankruptcy Procedure for waiver of the filing fee. However, 28 U.S.C. § 1915 addresses the topic of proceedings *in forma pauperis* in the federal courts. Subsection (a) of § 1915 states that the Court may authorize the commencement and prosecution of any action or proceeding or appeal without prepayment of fees, by a person who submits an affidavit that includes a statement describing all assets such person possesses and that the person is unable to pay the fees. 28 U.S.C. § 1915. Courts consider a variety of factors in considering a request to waive a filing fee: accuracy of information provided by the movant, discrepancies in the information provided, collateral resources such as friends or family who the movant may call upon for assistance, and the movant's expenses and whether any of them may be redirected to pay the fees. *See, e.g., In re Thomas,* 2012 WL 4049591 *1, 2012 Bankr.LEXIS 4343 *3 (Bankr.N.D.Ind.2012). It is axiomatic that a movant with assets sufficient to serve as a resource for payment of the fees cannot qualify for waiver of the fees.

---

5. In Creditor's defense, the Affidavit specifically instructs the affiant not to list clothing and ordinary household furnishings.

Creditor has submitted the Affidavits as required by § 1915, but the financial information given thereon is, at best, misleading. Despite the indication in the Affidavits that she is incurring and paying such expenses, testimony revealed that Creditor is not paying about one-half of the expenses that she listed.[6]

Moreover, it appears that Creditor can redeploy funds to pay the filing fees. The case of *In re Lineberry*, 344 B.R. 487 (Bankr.W.D.Va.2006) is instructive in this regard. In that case, the debtors had received State and Federal tax refunds totaling $3,400 but did not explain how they had spent one-half of the funds. Additionally, they explained that they were budgeting money to pay for their child's school ring and for school pictures. The court concluded that the debtors had failed to meet their burden of demonstrating that they did not have the financial means to pay the filing fee. *Id.* at 493. Notably the court observed that paying the filing fee should have higher priority than buying a school ring, and that debtors had the ability to rearrange their finances to pay the fee. *Id. See also In re Phillips*, 375 B.R. 201 (Bankr.W.D.Va.2007) (debtors' request to waive filing fee denied because they had recently received a sizeable income tax refund and their budget included unnecessary expenses).

In the instant case, shortly prior to the hearing, Creditor received insurance proceeds of in a substantial amount due to her car accident. While she explained the disposition of some of the funds, there is no evidence that she has exhausted the funds. Further, Creditor expends funds on golf outings and dining out. Her expenses for food and clothing are higher than this Court typically finds reasonable and necessary for a single person with no dependents seeking relief under Chapter 13 of the Bankruptcy Code. It therefore appears that Creditor has the means to pay or the ability to rearrange her finances in order to pay the fees which she seeks to have waived.

Finally, Creditor has assets which could serve to pay the fees. Several cases decided under 28 U.S.C. § 1930(f)[7] are helpful in analyzing the question of waiver of fees. In the case of *Thomas*, the debtor's assets included $350 in a bank account, an unencumbered motor vehicle valued at $2,300 and a 401K retirement account worth $10,000. The court observed that those assets alone may have given the debtor the ability to raise money needed to pay the fee. *In re Thomas*, 2012 WL 4049591 *1, 2012 Bankr.LEXIS 4343 *4 (Bankr. N.D.Ind.2012). The *Thomas* court also noted that the debtor's expenses included a garnishment and 401K loan payments, which if redeployed, provided the debtor sufficient liquidity to pay the filing fee. *Id.* The case of *In re Sullivan*, 2011 Bankr.LEXIS 3972 (Bankr.N.D.Ind.2011) is similar. In that case, the debtor was

---

**6.** There are also other discrepancies in the Affidavits: First, Creditor's statement in the Affidavit regarding attorney fees was disingenuous. Second, she stated in the Affidavit that she is in hiding from Debtor due to death threats and previous abuse, yet within a few weeks preceding the hearing, she had stayed at Debtor's home for a few days and accepted money from Debtor.

**7.** Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee for an individual in a case under Chapter 7 of the Bankruptcy Code if the court determines that such individual has income less than 150 percent of the poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved, and is unable to pay that fee in installments.

unemployed but had $32,000 of equity in a home and a motor vehicle. Under the circumstances, even though the debtor lacked any income, the court held that she had the ability to pay the filing fee. *Id.* at *4.

In the instant case, Creditor owns a boat and trailer. Although she complained that she doesn't have the title, she admitted that the title is in her name. She further complains that Debtor has the keys; however, keys can be duplicated. Creditor's excuses do not avail her. Additionally, Creditor owns household goods which she described as "highly valuable". Creditor has given "beautiful" (as she described it) bedroom furniture and antiques to her children. Her children also have her dining furniture; it is not clear whether she gave it to them or is just allowing them to use it. Given the scope of her assets, it is apparent that Creditor has the means to raise funds to pay the fees relating to her appeals. Moreover, paying the filing fees for her appeals is of higher priority than retaining household goods that are not currently in use, and giving or loaning to her children assets which may be resources for paying the fees.

Finally, the court is troubled that Creditor has elected not to pursue more lucrative employment. She currently is working approximately 12–20 hours per week at the rate of $10 per hour. Her Affidavits attached to the Motions indicate that she has 14 years of education and her testimony revealed that she has previously obtained a real estate realtor's license. Creditor asserts that it costs about $1,000 to set up a real estate sales business, but that is not the only use for a real estate license. She could join another realtor's team where she does not have the front end start up expenses, or she could work in an administrative capacity with another realtor. Creditor also points out that her license has been turned in to the State of Ohio because she hasn't been able to pay the fees, but, as discussed above, Creditor has the wherewithal from her assets to meet that expense. Moreover, Creditor is working only part time. She could seek additional employment to generate additional income. Creditor has offered no valid reason why she cannot use her education or real estate background to obtain more gainful employment. Creditor cannot create her circumstances then rely on those circumstances as a basis for seeking relief from the Court. *See In re Fromal*, 151 B.R. 733, 734 (E.D.Va.1993).

## III. Conclusion

Creditor has failed to demonstrate that she lacks the means to pay the filing fees attendant to her appeals. Accordingly, it is

ORDERED that the Motion for Pauper Status (Doc. # 323) seeking to waive appellate filing fee is denied. Within 30 days of the date of entry of this Order, Creditor Patricia Byers shall pay to the clerk of court the filing fee in connection with the Motion for Leave to Appeal (Doc. # 317) and the Notice of Appeal (Doc. # 321) of this Court's Order Denying Creditor/Appellant Patricia A. Byers' Motion for Reconsideration of Order Denying Creditor Patricia Byers' Motion for Extension of Time for Leave to Appeal. It is further

ORDERED that the Motion for Pauper Status (Doc. # 324) seeking to waive appellate filing fee is denied. Within 30 days of the date of entry of this Order, Creditor Patricia Byers shall pay to the clerk of court the filing fee in connection with the Motion for Leave to Appeal (Doc. # 319) and the Notice of Appeal (Doc. # 322) of this Court's Order Denying Creditor Patri-

cia A. Byers' Request That Court Direct Debtor to Amend the Creditor Matrix.

**IT IS SO ORDERED.**