In re Frank M. BYERS, III, Debtor.

Patricia A. Byers, Plaintiff,

v.

Frank M. Byers, III, Defendant.

Bankruptcy No. 07–59297.
Adversary No. 14–02192.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Signed Oct. 10, 2014.

Patricia A. Byers, Thornville, OH, pro se.

Amy Elizabeth Gullifer, Cannizzaro, Bridges, Jillisky & Streng, Marysville, OH, for Defendant.

### MEMORANDUM OPINION AND ORDER ON MOTION FOR PAUPER STATUS

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for hearing on September 5, 2014 upon the Motion for Pauper Status (Doc. # 15) filed by Patricia A. Byers, the plaintiff in the above captioned adversary proceeding. Ms. Byers seeks waiver of the filing fee charged by the clerk of court in connection with an appeal commenced by Ms. Byers. Present at the hearing were Ms. Byers (hereinafter, "Creditor") and Amy Gullifer, representing Debtor Frank M. Byers, III.[1]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157.

### I. Findings of Fact

Based upon arguments presented and evidence adduced at the hearing, the Court finds and concludes as follows:

Debtor Frank M. Byers, III (hereinafter, "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code in 2007. Creditor is the former spouse of Debtor. Although Creditor was active in the early stages of the bankruptcy case,[2] her filings were ultimately resolved,[3] and Debtor's Chapter 13 Plan proceeded to confirmation. Debtor's Discharge was entered on December 30, 2013.

Creditor subsequently commenced an aggressive campaign of filings designed to

---

1. At the conclusion of presentation of evidence and before closing arguments, the Court took a short recess, instructing the parties what time the court would reconvene for presentation of closing arguments. Creditor did not appear for closing arguments.

2. In the underlying Chapter 13 case, Creditor filed an objection to Debtor's Motion to Continue Automatic Stay (Case # 07–59297, Doc. # 13), a Motion for Dismissal (Case # 07–59297, Doc. # 39), objections to confirmation of Debtor's Chapter 13 plan (Case # 07–59297, Docs. # 40 and 47), and a few other miscellaneous motions.

3. See Order Allowing Limited Relief from Stay to Patricia A. Byers (Case # 07–59297, Doc. # 19) and Order Sustaining Debtor's Motion for an Order Seeking Sanctions Including Attorney Fees and Expenses of Deposition Against Patricia A. Byers (Case # 07–59297, Doc. # 88).

secure payment of her prepetition claim. Among the filings were a document titled "Creditor Patricia A Byers' Objection to the Discharge of Claim 4–1 Pursuant to 11 USC § 101(14)(A)(i)(B)(C)(i-iii) § 1328(c)(2) § 523(a)(2)(4)(5)(6)(15), Fed. Civ. Rule P. 60(b)(1)(3)(5) ORC Title 13 § 1336.07 28 USC § 455 § 144" (Doc. # 1) (hereinafter, the "Complaint") and a Motion for an Expedited Hearing to Consider Creditor's Objection to Discharge of Claim 4–1 (Doc. # 3) (hereinafter, the "Motion for Expedited Hearing"). The Clerk opened an adversary proceeding, and the Court entered an Order explaining that the document would be treated as a complaint in light of the mandate of Federal Rule of Bankruptcy Procedure 7001 that a proceeding to determine dischargeability of debt or to object to discharge is an adversary proceeding. *See* Order Proposing to Dismiss Adversary Proceeding (Doc. # 5). The Court also entered an Order denying the Motion for Expedited Hearing. *See* Order Denying Plaintiff's Motion for an Expedited Hearing (Doc. # 6). Creditor timely filed a notice of appeal (Doc. # 13) and a motion for leave to appeal (Doc. # 11) regarding the Order Denying Plaintiff's Motion for an Expedited Hearing. Creditor contemporaneously filed the instant Motion for Pauper Status (hereinafter, the "Motion") with respect to the appeal.

As required by statute, an Affidavit is attached to the Motion. It reflects that Creditor is single with no dependents. As of July 22, 2014, Creditor was unemployed, and her sole source of income was from gifts amounting to $500. Creditor represented in the Affidavit that she does not have a vehicle or a home or any other real estate. The only assets disclosed were $20 in cash, $1,000 in a checking account, a Chriscraft boat and 18' trailer, and amounts that she asserts Debtor owes her. The Affidavit set forth her expenses as follows:

| | |
|---|---|
| Rent or mortgage payment | $0 |
| Utilities | 0 |
| Food | 500 |
| Clothing | 200 |
| Laundry/dry cleaning | 50 |
| Medical/dental expense | 100 |
| Recreation/entertainment | 100 |
| Health insurance | 220 |
| Motor vehicle insurance | 600 |
| Hill Storage | 125 |
| Motor vehicle expense | 100 |
| Ohio realtor's license fees | 100 |
| Cell phone | 145 |
| **Total** | $2,240 |

The evidence elicited at the evidentiary hearing on Creditor's Motion painted a somewhat different picture. Most notably, Creditor is not, in fact, paying many of the expenses listed in her Affidavit. She is not paying health care insurance, motor vehicle insurance, the fee for a storage unit where her household goods are housed, fees associated with a realtor license that she has previously held or a car installment payment. Of the remaining expenses listed on her Affidavit (in the approximate amount of $1,095), Creditor has significant discretionary expenses: she enjoys golf outings and eats out. She testified that she dines out "quite a bit".

Creditor's income of $500 per month has come from friends and parents. She no

longer receives any funds from her parents, but receives funds from other sources occasionally, including, surprisingly, Debtor. A few weeks prior to the hearing, Creditor obtained part time employment as a care giver for a young adult with special needs. She has been hired by the parents of the young adult, at the rate of $10 per hour. She was hired to work a specific schedule of twelve hours per week, but she also fills in when other care givers are not available. She is paid weekly. Her first paychecks were approximately $250.

Creditor does not have a vehicle of her own. Her vehicle was totaled in a car accident. In late July, she received approximately $5,000 from insurance for the loss. She used some of the funds to pay the filing fee for this adversary proceeding and to pay the fee charged by the clerk of court for recordings that she has ordered of various court hearings in the bankruptcy case. She has been using the remaining funds for her living expenses. But Creditor is not without transportation: Creditor's mother is allowing Creditor to use her car, at no direct cost to Creditor. Creditor allegedly pays some of her mother's bills and expenses in exchange for use of the vehicle, although the Court finds this difficult to believe, inasmuch as Creditor purportedly has little income.

In addition to the assets disclosed in the Affidavit, Creditor owns household goods[4] which she described as "highly valuable". In her testimony, she highlighted the fact that, after her divorce from Debtor, she had to store household furnishings and personal belongings that had filled a 6,000 square foot home. She described some of her household items: Bernhardt armoires, a leather sofa, silk chairs, an extended

marble-topped buffet, silver items, many sets of Lennox dishes, expensive lamps, golf clubs and very nice clothing. Additionally, she shared that she had given "beautiful" (as she described it) bedroom furniture and antiques to her children. Her children also have her dining furniture; it is not clear whether she gave it to them or just loaned it to them.

Finally, the Affidavit states that Creditor has paid or will be paying $40,000 of attorney fees in connection with this litigation. However, under cross examination at the hearing, Creditor conceded that she has actually paid counsel only $7,500 in connection with representation in the bankruptcy case. She is no longer represented by counsel in any litigation before this Court; she is currently proceeding *pro se.*

## II. Analysis

 Creditor premised the Motion on Federal Rule of Appellate Procedure 24. The Federal Rules of Appellate Procedure do not apply. *See* Fed. R.App. P. 1. Appeals from bankruptcy court are governed by Part VIII of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr.P. 8001, *et seq.* There is no provision in Part VIII of the Federal Rules of Bankruptcy Procedure for waiver of the filing fee. However, 28 U.S.C. § 1915 addresses the topic of proceedings *in forma pauperis* in the federal courts. Subsection (a) of § 1915 states that the Court may authorize the commencement and prosecution of any action or proceeding or appeal without prepayment of fees, by a person who submits an affidavit that includes a statement describing all assets such person possesses and that the person is unable to pay the

4. In Creditor's defense, the Affidavit specifically instructs the affiant not to list clothing and ordinary household furnishings.

fees. 28 U.S.C. § 1915. Courts consider a variety of factors in considering a request to waive a filing fee: accuracy of information provided by the movant, discrepancies in the information provided, collateral resources such as friends or family who the movant may call upon for assistance, and the movant's expenses and whether any of them may be redirected to pay the fee. *See, e.g., In re Thomas,* 2012 WL 4049591 *1, 2012 Bankr.LEXIS 4343 *3 (Bankr.N.D.Ind.2012). It is axiomatic that a movant with assets sufficient to serve as a resource for payment of the fee cannot qualify for waiver of the fee.

### A. Creditor's Affidavit is Inaccurate.

■ Creditor has submitted the Affidavit as required by § 1915, but the financial information given thereon is, at best, misleading. Despite the indication in the Affidavit that she is incurring and paying such expenses, testimony revealed that Creditor is not paying about one-half of the expenses that she listed.[5]

### B. Creditor Has the Means to Pay the Filing Fee.

Moreover, it appears that Creditor can redeploy funds to pay the filing fee. The case of *In re Lineberry,* 344 B.R. 487 (Bankr.W.D.Va.2006) is instructive in this regard. In that case, the debtors had received State and Federal tax refunds totaling $3,400 but did not explain how they had spent one-half of the funds. Additionally, they explained that they were budgeting money to pay for their child's school ring and for school pictures. The court concluded that the debtors had failed to meet their burden of demonstrating that they did not have the financial means to pay the filing fee. *Id.* at 493. Notably the court observed that paying the filing fee should have higher priority than buying a school ring, and that debtors had the ability to rearrange their finances to pay the fee. *Id. See also In re Phillips,* 375 B.R. 201, 207–08 (Bankr.W.D.Va.2007) (debtors' request to waive filing fee denied because they had recently received a sizeable income tax refund and their budget included unnecessary expenses).

. In the instant case, shortly prior to the hearing, Creditor received insurance proceeds of substantial amount due to her car accident. While she explained the disposition of some of the funds, there is no evidence that she has exhausted the funds. Further, Creditor expends funds on golf outings and dining out. Her expenses for food and clothing are higher than this Court typically finds reasonable and necessary for a single person with no dependents seeking relief under Chapter 13 of the Bankruptcy Code. It therefore appears that Creditor has the means to pay or the ability to rearrange her finances in order to pay the fee that she seeks to have waived.

Finally, Creditor has assets which could serve to pay the fee. Several cases decided under 28 U.S.C. § 1930(f) [6] are helpful

---

5. There are also other discrepancies in the Affidavit: First, Creditor's statement in the Affidavit regarding attorney fees was disingenuous. Second, she stated in the Affidavit that she is in hiding from Debtor due to death threats and previous abuse, yet within a few weeks preceding the hearing, she had stayed at Debtor's home for a few days and accepted money from Debtor.

6. Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee for an individual in a case under Chapter 7 of the Bankruptcy Code if the court determines that such individual has income less than 150 percent of the poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable

in analyzing the question of waiver of fees. In the case of *Thomas*, the debtor's assets included $350 in a bank account, an unencumbered motor vehicle valued at $2,300 and a 401K retirement account worth $10,000. The court observed that those assets alone gave the debtor the ability to raise the money needed to pay the fee. *In re Thomas*, 2012 WL 4049591 *1, 2012 Bankr.LEXIS 4343 *4 (Bankr.N.D.Ind. 2012). The *Thomas* court also noted that the debtor's expenses included a garnishment and 401K loan payments, which if redeployed, provided the debtor sufficient liquidity to pay the filing fee. *Id.* The case of *In re Sullivan*, 2011 Bankr.LEXIS 3972 (Bankr.N.D.Ind.2011) is similar. In that case, the debtor was unemployed but had $32,000 of equity in a home and a motor vehicle. Under the circumstances, even though the debtor lacked any income, the court held that she had the ability to pay the filing fee. *Id.* at *4.

In the instant case, Creditor owns a boat and trailer. Although she complained that she doesn't have the title, she admitted that the title is in her name. She further complains that Debtor has the keys; however, keys can be duplicated. Creditor's excuses do not avail her. Additionally, Creditor owns household goods which she described as "highly valuable". Creditor has given "beautiful" (as she described it) bedroom furniture and antiques to her children. Her children also have her dining furniture; it is not clear whether she gave it to them or is just allowing them to use it. Given the scope of her assets, it is apparent that Creditor has the means to raise funds to pay the fee relating to her appeal. Paying the filing fee for her appeal is of higher priority than retaining household goods that are not currently in use, and giving or loaning to her children assets which may be resources for paying the fee.

**C. Creditor Can Pursue More Gainful Employment.**

The court is also troubled that Creditor has elected not to pursue more lucrative employment. She currently is working approximately 12–20 hours per week at the rate of $10 per hour. Her Affidavit attached to the Motion indicate that she has 14 years of education and her testimony revealed that she has previously obtained a realtor's license.

Creditor asserts that it costs about $1,000 to set up a real estate sales business, but that is not the only use for a realtor's license. She could join another realtor's team where she does not have the front end start up expenses, or she could work in an administrative capacity with another realtor. Creditor also points out that her license has been turned in to the State of Ohio because she hasn't been able to pay the fees, but, as discussed above, Creditor has the wherewithal from her assets to meet that expense.

Moreover, Creditor is working only part time. Creditor has not suggested that she suffers from any disabilities which impair her ability to work full time. She could seek additional employment or full time employment to generate additional income. Creditor has offered no valid reason why she cannot use her education or real estate background to obtain more gainful employment. Creditor cannot create her circumstances then rely on those circumstances as a basis for seeking relief from the Court. *See In re Fromal*, 151 B.R. 733, 734 (E.D.Va.1993).

**D. Creditor's Appeal Is Not Taken in Good Faith.**

Finally, § 1915(a) also requires that an application for waiver of the filing fee must

to a family of the size involved, and is unable

to pay that fee in installments.

be grounded in good faith, specifically stating that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). *See also Fromal*, 151 B.R. at 734. The Court in *In re Merritt* observed that the good faith requirement "is an objective one based on the legal merit of the issues sought to be appealed." *U.S. v. Merritt (In re Merritt)*, 186 B.R. 924, 930 (Bankruptcy S.D.Ill. 1995). The court in *In re Meuli*, 162 B.R. 327, 329 (Bankr.D.Kan.1993) noted that the bankruptcy judge must certify that the appeal is not frivolous and presents a substantial question in order to justify allowing an appeal to be brought *in forma pauperis*. In this case, Creditor has appealed this Court's Order denying a motion for an expedited hearing.

Although partially titled "Objection to Discharge," it is plain that the Complaint seeks a determination that the debt owed to Creditor is nondischargeable under 11 U.S.C. § 523. In the Motion for Expedited Hearing, Creditor asked that the Court conduct an expedited hearing on the merits of the Complaint, because her financial circumstances were dire. However, as of the date of filing of the Motion for Expedited Hearing, neither Debtor nor his attorney had been properly served with a summons and the Complaint, and Debtor had not yet had an opportunity to respond to the Complaint. The Motion for Expedited Hearing was thus premature.

In the Motion for Leave to Appeal and the Motion for Pauper Status, Creditor seems to indicate that she will also raise as an issue on appeal the Court's decision to treat her "Objection to Discharge" as a Complaint under Federal Rule of Bankruptcy Procedure 7001. Rule 7001 is very clear that questions relating to whether a debtor is entitled to a discharge, and the scope of the discharge, are questions that must be raised and addressed in an adversary proceeding. Creditor cites Federal Rule of Bankruptcy Procedure 3008 in support of her position. That rule addresses reconsideration of orders allowing or disallowing claims against the bankruptcy estate. There has been no objection to Creditor's proof of claim, nor any order allowing or disallowing Creditor's proof of claim, so Rule 3008 is not applicable. Creditor's appeal of the Order on Motion for an Expedited Hearing is frivolous and is without merit. There is no arguable basis in law or fact to support her claims in the appeal, and the Court certifies that the appeal is not taken in good faith. Thus, the Motion must fail.

### III. Conclusion

Creditor has failed to demonstrate that she lacks the means to pay the filing fee attendant to her appeal, and her appeal is not taken in good faith. Accordingly, it is

ORDERED that the Motion for Pauper Status (Doc. # 15) seeking to waive the appellate filing fee is denied. Within 30 days of the date of entry of this Order, Creditor Patricia A. Byers shall pay to the clerk of court the filing fee in connection with the Motion for Leave to Appeal (Doc. # 11) and the Notice of Appeal (Doc. # 13) of this Court's Order Denying Plaintiff's Motion for an Expedited Hearing.

**IT IS SO ORDERED.**